LOUISE LANIGIR, ANN CHAIX, MARGE ARDEN, THEODORE ARDEN, a Minor, WILLIAM ARDEN, PHILLIP ARDEN, MARY DITTMAN, LYDIA RUSS, IVY LANIGIR, JOSEPHINE GERBIG and THOMAS ARDEN, Appellants, v. JOHN ARDEN, BETTY ARDEN, aka NONEY M. ARDEN, Respondents.

No. 5580

February 10, 1969                    450 P.2d 148

*Vargas, Bartlett & Dixon,* and *Robert W. Marshall,* of Reno, for Appellants.

*Belford & Anglim,* of Reno, for Respondent Betty Arden.

*Leslie B. Gray,* of Reno, for Respondent John Arden.

## OPINION

By the Court, COLLINS, C. J.:

This is an appeal from a judgment of accounting between appellants and respondents as co-tenants in certain land located in Washoe County, Nevada. The lower court ordered that respondent Betty Arden, now Betty Bowen, have a lien on the land in the amount of $31,170.54.

This cause was previously before this court in Lanigir v. Arden, 82 Nev. 28, 409 P.2d 891 (1966).

The original action in the district court was a suit by nine brothers and sisters and the successors in interest of one deceased brother (appellants herein) against the remaining brother and his former wife (respondents herein) to quiet title to certain real property in Washoe County, Nevada. The lower court ruled in favor of defendant-respondent Betty Arden and gave her a decree quieting title to the property. On appeal from that decision, this court reversed, stating that:

"[T]he heirs of the estate of Philip Arden each own an undivided one-eleventh interest as tenants in common . . . except Theodore Arden, deceased, whose one-eleventh interest descended to his heirs, and John Arden whose one-eleventh interest was conveyed to Betty Arden. . . ."

The issues to be decided in this appeal are:

I. Are co-tenants out of possession entitled to offset the fair rental value of the property against a claim by co-tenants in possession for contribution for maintenance and improvements on the land?

II. Did this court in Lanigir v. Arden, supra, hold that

appellants in this case are not entitled to offset the fair rental value of the premises in question against a claim for contribution by respondents in this case for maintenance and improvements of the premises?

1. The majority rule is that in the absence of an agreement to pay, or ouster by the co-tenant in possession, a tenant in common who occupies all or more than his proportionate share of the common premises is not liable, because of such occupancy alone, to his co-tenant for rent or the use and occupation of the premises. See Hunter v. Shultz, 49 Cal.Rptr. 315 (Cal. App. 1966); 86 C.J.S. Tenancy in Common, Sec. 46 (1954); 20 Am.Jur.2d Cotenancy and Joint Ownership, Sec. 41 (1965); 51 A.L.R.2d 388, 409.

An exception to that rule is that where the co-tenant in possession seeks contribution from the co-tenant out of possession for funds expended for the betterment of the common estate, he must deduct, as an offset, the value of the use of the premises. See 51 A.L.R.2d 388 at 454; 136 A.L.R 1022. Accord; Rose v. Holbrook, 287 S.W.2d 914 (Ky. 1956); Richardson v. Kuhlmyer, 250 S.W.2d 355 (Mo. 1952); Potter v. Garrett, 52 So.2d 115 (Fla. 1951); Roberts v. Roberts, 150 S.W.2d 236 (Tex. 1941); 20 Am.Jur.2d Cotenancy and Joint Ownership, Sec. 44; 68 C.J.S. Partition, Sec. 141.

The problem in this case is, however, whether appellants are entitled to an affirmative judgment in their favor if the fair rental value of the property exceeds the amount due respondents for contribution for maintenance and improvements. The lower court found that the amount due appellants from the sale of a portion of the lands by respondents was $8,863.64, and that the amount due respondents for appellants' share of maintenance and improvements equalled $40,934.18, thus the lien judgment in favor of Betty Bowen of $31,170.54. Appellants claimed fair rental value of the premises during possession by respondents to be $37,440.91, which should have resulted in a judgment in their favor of $6,270.37.

We hold that an offset for fair rental value should be an offset and nothing more. As stated in 51 A.L.R.2d 388 at 454, a co-tenant out of possession when faced with a claim for contribution for improvements "may charge the claimant *defensively,* with at least a part of the reasonable value of his occupancy." To allow a claim for the excess fair rental value

would tend to do away with the general rule that absent agreement or ouster a co-tenant in possession is not obligated to compensate the co-tenant out of possession for use of the land.

2.  On the prior appeal in this case, this court stated:

"John and Betty Arden are accountable to the plaintiffs below for all sums received from those who purchased parcels of the inherited real property, and are also entitled to credit for the improvements of and payments made upon the property described in the judgment below.

". . . We therefore reverse the judgment below, and remand this cause for further proceedings in accordance with the views expressed herein."

Respondent contends, and the lower court agreed, that that portion of our opinion precluded consideration of appellants' claim of offset for fair rental value regardless of the merits of such claim. See In re Forsyth's Estate, 45 Nev. 385, 204 P. 887 (1922); Bromberg v. Finnell, 80 Nev. 189, 391 P.2d 31 (1964), cert. denied 379 U.S. 988.

The doctrine of the law of the case in Nevada was stated in State v. Loveless, 62 Nev. 312, 150 P.2d 1015 (1944), which reads:

"All the propositions assumed by the court to be within the case and all the questions presented and considered, and deliberately decided by the court, leading up to the final conclusion reached are as effectually passed upon as the ultimate questions solved. . . . The judgment is authority upon all points assumed to be within the issues which the record shows the court *deliberately considered and decided* in reaching it." (Emphasis added.)

See also Wright v. Carson Water Co., 22 Nev. 304, 42 P. 196 (1895).

In our earlier opinion we only indirectly mentioned the issue of an accounting for sale of lands. In that case fair rental value was not specified as error, nor was it an issue on appeal. Thus, it cannot be implied from that opinion that we considered the issue of offset for fair rental value or that we decided, contrary to general authority, that it should not be allowed. The issue before the trial court and this court now touching upon the right to offset the fair rental value against a claim for maintenance and improvements to the premises was not a part of the law of the case in our first opinion.

The cause is remanded to the lower court to determine the amount of the offset for fair rental value of the premises to which appellants are entitled against the amount found to be

due respondents for maintenance and improvements. In other respects the judgment is affirmed.

The motion of respondents to dismiss the appeal is denied.

ZENOFF, BATJER, MOWBRAY, and THOMPSON, JJ., concur.