WALTER L. RASMUSSEN AND BEATRICE L. RASMUSSEN, APPELLANTS, *v.* CLARENCE R. THOMAS, BETTY J. THOMAS, TERRY K. THOMAS AND RICHARD F. THOMAS, RESPONDENTS.

No. 12991

May 12, 1982                                    644 P.2d 1030

---

[2]The Chief Justice designated THE HONORABLE DAVID ZENOFF, Senior Justice, to sit in place of THE HONORABLE CAMERON BATJER, Justice. Nev. Const., art. 6, § 19; SCR 10.

[3]The Governor designated the Honorable John F. Mendoza, District Judge of the Eighth Judicial District, to sit in this case in place of THE HONORABLE JOHN MOWBRAY, Justice, who voluntarily disqualified himself. Nev. Const., art. 6, § 4.

*Wanderer and Wanderer,* Las Vegas, for Appellants.

*John Peter Lee* and *James C. Mahan; Johnson, Pilkington & Reynolds;* and *Callister & Reynolds,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

Walter L. Rasmussen and Beatrice L. Rasmussen appeal from a judgment of the district court dissolving a partnership and awarding to respondents a return of their capital contributions to the partnership enterprise, attorney fees, and the rental value of the real property owned by the parties as tenants in common.

We find no error in the district court's finding of the existence of the partnership relationship[1] but disagree with its attempt to distribute partnership assets without requiring a proper accounting among the parties. Further, we disagree with the district court's award of rent but find no error in the award of attorney fees.

### Return of Capital Contributions

The trial court awarded Richard Thomas $23,165.35 after deductions for salary draws and taxes paid by the partnership business. A similar award was made to Clarence Thomas in the sum of $16,379.28. The figures were taken from the partnership tax returns which were understood to reflect accurately the individual partners' shares in annual profits.

Appellants contend that the trial court committed reversible error in returning to respondents their capital contributions without first requiring an accounting or settlement of the partnership affairs. We agree. Ordinarily, actions between partners with respect to partnership business are not maintainable until there has been an accounting or settlement of the partnership affairs. *See* Clark v. Edris, 585 P.2d 264 (Ariz.App. 1978); Lau v. Valu-Bilt Homes, Ltd., 582 P.2d 195, 200 (Hawaii 1978); Ewing v. Owens, 441 P.2d 964, 966 (Okla. 1968).

Upon dissolution, the respondents in this case were entitled

---

[1]Appellants contend that the finding of the existence of a partnership relationship is not supported by substantial evidence; that even if a partnership did exist the partnership agreement was not supported by consideration; and that respondent Clarence Thomas was not a partner because he had no management rights. We reject all three contentions.

to the value of their respective shares in the partnership business, not to a return of capital invested. *See* NRS 87.380(1);[2] Ewing v. Owens, *supra*. Respondents made no allegations of fraud or misrepresentation on appellant Walter Rasmussen's part which would give rise to further recovery under NRS 87.390.[3] Furthermore, no proof was presented showing any special damage to the partnership business or to respondents through Rasmussen's actions. *See e.g.,* De Rigne v. Hart, 270 P. 1013 (Cal.App. 1928). Without an accounting of the partnership affairs, ascertaining what surplus, if any, remained after discharging liabilities and collecting assets, an accurate money judgment award, returning to respondents Clarence and Richard Thomas their interest in the partnership, could not be rendered. It is impossible to determine, from the record, whether the figures listed on the partnership tax returns represented the partners' net share in the business.

This portion of the judgment is reversed and remanded for the trial court to determine, after an accounting, the value of Clarence's and Richard's interest in the partnership consistent with this opinion and NRS 87.380(1), and to enter judgment accordingly.

### The Award of Additional Rent

The trial court awarded each of the respondents $6,624, plus interest, for the reasonable rental value of the real property on which the business was located from January, 1974, to the date of judgment, August, 1980.[4] Additionally, each respondent

---

[2]NRS 87.380(1) provides that when dissolution is caused in a way other than in contravention of the partnership agreement, each partner is entitled, as against his copartners, unless otherwise agreed, to have the partnership property first applied to the discharge of the firm liabilities and the surplus applied to payment in cash of the net amount owing the respective partners. When dissolution is caused in contravention of the partnership agreement, *i.e.,* wrongful dissolution, each innocent party is entitled, in addition to the foregoing, to damages for breach of the agreement as against each guilty party. NRS 87.380(2). Our review of the record indicates that the primary cause of the dissolution in this case was the misconduct of appellant Walter Rasmussen, *see* NRS 87.320(1)(d), and thus NRS 87.380(1) governs the rights of the respondent partners.

[3]NRS 87.390(1) provides that where a partnership is rescinded on the ground of fraud or misrepresentation, the party entitled to rescind is, *without prejudice to any other right, entitled to a lien on or right of retention of the surplus of the partnership property, after satisfying the partnership liabilities to third persons, for any sum of money paid by him for the purchase of an interest in the partnership and for any capital or advances contributed by him.*

[4]The real property was owned by appellants and respondents as tenants in common. It was not a partnership asset. Pursuant to respondents'

was to receive $129 per month for rent until the property was sold. The trial judge reasoned that:

> [I]mplicit in the agreement between the parties that the partnership would make only the payments on the note, in lieu of rent, was the covenant that the partnership would continue in existence, a covenant which Rasmussen breached by his intentional actions. By virtue of his breach, Rasmussen has been allowed the full use and profit from the realty and he must account to the other parties for reasonable rent.

Appellants contend, inter alia, that since they were co-tenants, they were not liable to the other co-tenants for rent or for the use of the premises. We agree.

In the absence of an agreement to pay, or ouster by the co-tenant in possession, a tenant in common who occupies all or more than his proportionate share of the common premises is not liable, because of such occupancy alone, to his co-tenants for rent or the use and occupation of the premises. Lanigir v. Arden, 85 Nev. 79, 81, 450 P.2d 148, 149 (1969). Since each tenant has a right to occupy the common property, it follows that, in the absence of an agreement to the contrary, one of them cannot collect rent from another for having exercised that right.

In the instant case, appellants and respondents orally agreed, when they purchased the property as tenants in common, that the partnership enterprise could use the property and pay the mortgage installments, taxes and insurance *in lieu of rent*. No showing was made at trial that appellants effected an ouster or exclusion of the other co-tenants. There was never a demand made by any of the respondents for additional rent from appellants.

That the trial judge's reasoning in awarding additional rent was erroneous is evident in the fact that the property was purchased *before* respondent Clarence Thomas became a partner. Clarence testified that "as long as [the business] kept the payments up to pay for the land and taxes, it could operate there," and that he was "trying to help [his] children along." Respondent Richard Thomas remained a partner until December, 1978.

---

request for partition, the district court ordered the property to be sold, the proceeds distributed equally, and awarded each of the respondents the rental value of the property.

Thus, the award of additional rent to respondents as far back as 1974 was clearly erroneous.

We conclude that it was error to award respondents additional rent in the face of a contrary agreement among all the co-tenants.[5] This portion of the trial court's judgment is reversed.

### Attorney Fees

The trial court, pursuant to the stipulation of the parties to partition the real property, ordered that the property be sold. The trial court awarded partial attorney fees to respondents based on NRS 39.480,[6] since the action arose *partly* out of the partition of real property. Respondents Clarence and Betty Thomas were awarded $1,000, and respondents Richard and Terry Thomas were each awarded $750. The fees were to be paid from the proceeds of the partition sale.

Appellants contend that it was error to award attorney fees under NRS 39.480, since the parties stipulated to the issue of partitioning the real property and it "wasn't thus a matter before the court." However, the allowance of attorney fees under NRS 39.480 is generally determined by whether the services rendered by counsel were for the common benefit of all parties, and whether all parties benefited from the service of counsel. *See* Weaver v. Laub, 574 P.2d 609, 614 (Okla. 1978); 59 Am.Jur.2d *Partition* §§ 133-138 (1971). Additionally, the allowance of attorney fees in a partition action is a matter for the exercise of the trial court's discretion. In re Parr's Estate, 287 P.2d 906 (Okla. 1955).

---

[5]We reject respondents' contention that the lower court properly awarded reasonable rent because the parties' oral lease was void under NRS 111.210.

[6]NRS 39.480 provides:

The costs of partition, fees of masters and other disbursements and also, in the discretion of the court, *reasonable counsel fees expended by the parties for the common benefit,* shall be paid by the parties respectively entitled to share in the lands divided, in proportion to their respective interests therein, *and may be included and specified in the judgment.* In that case there shall be a lien on the several shares, and the judgment may be enforced by execution against such shares and against other property held by the respective parties. When, however, litigation arises between some of the parties only, the court may require the expenses of such litigation to be paid by the parties thereto, or any of them. (Emphasis added.)

In this case, the respondents' attorneys prepared the complaints and cross complaints seeking partition and instituted the action. The trial court ordered only a partial award because the action also involved a partnership dispute. Further, the trial court was not precluded from awarding attorney fees as charges against the common fund by the fact that the partition proceedings were not of an adversary nature. Weaver v. Laub, *supra;* 59 Am.Jur.2d *Partition* § 137 (1971). Thus, we conclude that the trial court did not abuse its discretion by awarding such fees.

We affirm that part of the district court's judgment finding the existence of a partnership and awarding attorney fees to respondents. We reverse that part of the district court's judgment awarding respondents a return of their capital contributions; we remand for the trial court to determine, after an accounting, the value of the interests of Clarence and Richard Thomas in the partnership and to enter judgment accordingly. Finally, that part of the district court's judgment awarding rent to respondents is reversed.

GUNDERSON, C. J., MANOUKIAN, SPRINGER, and MOWBRAY, JJ., and ZENOFF, SR. J.,[7] concur.