659 P.2d 895

Shirley CHANCE and Lee Roy Kitchell, Plaintiffs-Appellees,

v.

Hazel D. KITCHELL, Defendant-Appellant.

No. 14263.

Supreme Court of New Mexico.

Feb. 2, 1983.

Rehearing Denied March 9, 1983.

Richard M. Snell, Clovis, for defendant-appellant.

Dan Buzzard, Harold Gore, Clovis, Sarah M. Singleton, Santa Fe, for plaintiffs-appellees.

## OPINION

RIORDAN, Justice.

On November 17, 1981, Shirley Chance and Lee Roy Kitchell (Plaintiffs) brought an action for partition of property owned by their father who died intestate on October 5, 1969. Hazel D. Kitchell (Defendant), wife of decedent and stepmother of Plaintiffs, counterclaimed for monies expended on behalf of the property. The case was tried without a jury on stipulated facts. The trial court ordered partition of the property and found that "nothing [else] should be due by either party to the other". Defendant appeals. We affirm.

The issues on appeal are:

I. Whether the trial court erred in not awarding Defendant an equitable lien on the property for monies expended on the property's behalf.

II. Whether the trial court erred in not finding that Defendant is entitled to administratrix's fees, attorney's fees and widow's allowance for probating the decedent's estate.

On January 21, 1962, decedent and Defendant married. Decedent owned the property in question subject to a mortgage and as separate property prior to the marriage. The property in question is a lot with a single family dwelling. From the date of the marriage to decedent's death, October 5, 1969, community funds were used to pay the mortgage on the property. Community funds were also used for taxes and improvements on the property. After decedent's death, Defendant remained on the property until October 1, 1978. During this time, Defendant paid all the expenditures for the property from her separate funds. Between October 1, 1978 and March 2, 1982, Defendant rented the property to others. She collected the rent and continued to pay all the expenses related to the property.

On November 17, 1981, Plaintiffs brought an action for partition of the property. Defendant counterclaimed, seeking an equitable lien on the property for monies expended by her on the property's behalf. Plaintiffs answered the counterclaim and asked the trial court to award them the reasonable value of Defendant's occupancy, use of the premises and for an accounting of profits which Defendant realized from the premises as sole cotenant in possession.

## I. *Partition Action*

Defendant asserts that she should be awarded an equitable lien on the property for the monies she expended on the property's behalf. An equitable lien is "[a] right, not existing at law, to have specific property applied in whole or in part to payments for a particular debt or class of debts." BLACK'S LAW DICTIONARY 483 (5th ed. 1979). The right to reimbursements on an equitable lien is purely equitable. *Hanrahan v. Sims,* 20 Ariz.App. 313, 512 P.2d 617 (Ct.App.1973).

Defendant asserts that during the time she was married to decedent, she should be awarded a community's lien for all community funds expended on behalf of decedent's property.[1] Community funds expended on behalf of decedent's property consisted of principal, taxes, insurance, interest, improvement value or cost and sewer and garbage paid on the property. However, when determining a community interest in community funds expended on behalf of property purchased by a spouse before marriage, the rule has commonly excluded payments for taxes, insurance and interest. *In re Marriage of Moore,* 28 Cal.3d 366, 168 Cal.Rptr. 662, 618 P.2d 208 (1980). Neither taxes, insurance nor interest increase the equity value of property. The value of real property is generally represented by the owner's equity in it. The equity value does not include finance charges or other expenses incurred to maintain the investment. *Id.* Therefore, taxes, insurance, interest and garbage and sewer expenditures are not to be credited to Defendant. As for improvements made to the land, Defendant is entitled to the value of the improvements to the property, *not* the cost of the improvements. *Portillo v. Shappie,* 97 N.M. 59, 636 P.2d 878 (1981).

Defendant next asserts that she is entitled to contribution for expenditures made after the decedent's death. She also asserts that Plaintiffs are not entitled to an offset for the reasonable rental value while she lived at the residence. Defendant correctly states the general rule that in the absence of an agreement to pay or ouster by the cotenant in possession, a tenant in common who occupies all or more than her proportionate share in the common premises is not liable, because of such occupancy alone, to her cotenant for the rent or the use of the premises. *Williams v. Sinclair Refining Co.,* 39 N.M. 388, 47 P.2d 910 (1935); *Hunter v. Schultz,* 240 Cal.App.2d 24, 49 Cal.Rptr. 315 (Dist.Ct.App.1966); *Lanigir v. Arden,* 85 Nev. 79, 450 P.2d 148 (1969). However, there is an exception to this general rule. When a cotenant in possession invokes the jurisdiction of a court of equity to obtain contributions from the cotenant out of possession for funds expended for the betterment of the common interest, the cotenant out of possession may *defensively* charge the cotenant in possession with a part of the reasonable value of the occupancy or use by the cotenant in possession and in some cases may hold the cotenant in possession accountable for profits realized from the premises. *Hunter v. Schultz, supra; Lanigir v. Arden, supra;* 20 Am.Jur.2d *Cotenancy and Joint Ownership* § 44 (1965); 68 C.J.S. *Partition* § 141 (1950).

In adding Defendant's expenditures in the light most favorable to Defendant and subtracting this amount from an agreed upon reasonable rental value, Defendant is monetarily indebted to Plaintiffs. However, Plaintiffs do not ask for this extra amount, only that the property be partitioned in accordance with intestate law,[2] as the trial court did. Therefore, we affirm the trial court's decision on the matter.

## II. *Administration of Estate*

Defendant filed intestacy proceedings on July 31, 1979, under the new Probate Code which became effective on July

---

**1.** At the time of decedent's death, Section 29–1–9, N.M.S.A.1953 (Supp.1975) was enforceable which stated that, "[u]pon the death of a spouse, the entire community property goes to the surviving spouse...." This Section has been amended by Section 45–2–102(B), N.M.S.A.1978, which states that "as to community property, the one-half of the community property as to which the decedent could have exercised the power of testamentary disposition passes to surviving spouse."

**2.** Section 29–1–10, N.M.S.A.1953, stated:

> Subject to the provision of sections 1840 and 1841 [29–1–8, 29–1–9] of this article when any person having title to any estate, not otherwise limited by marriage contract, dies without disposing of the estate by will, it is succeeded to and must be distributed subject to the payment of his debts in the following manner: One-fourth thereof to the surviving husband or wife and the remainder in equal shares to the children of decedent and further, as provided by law.

This Section has been amended by Sections 45–2–102 and 45–2–103, N.M.S.A.1978.

446

1, 1976. §§ 45–1–101 through 45–7–401, N.M.S.A. 1978 (Orig. and Cum.Supp.1982). Plaintiffs properly contended that the trial court was without jurisdiction to decide the proceedings under the new Probate Code. The new Probate Code specifically provides that the new Code is applicable to decedents who died on or after July 1, 1976. 1975 N.M.Laws, ch. 257, § 1–101.

The record does not show that Defendant ever properly probated the estate. However, Defendant asserts that she is entitled to administratrix's fees, attorney's fees and widow's allowance in the probate of decedent's estate. Since the estate has never been properly filed for probate, we are without jurisdiction to answer this issue.

Both parties shall bear their own costs and attorneys' fees concerning the partition action and for this appeal.

IT IS SO ORDERED.

PAYNE, C.J., and SOSA, Senior Justice, concur.