ROBERT DONNELLY AND NORMA DONNELLY, PLAINTIFFS,
v. JOSEPH CAPODICI, DEFENDANT.

Superior Court of New Jersey
Chancery Division Hudson County

Decided December 24, 1987.

*Howard E. Brechner*, for plaintiffs (*Lofton & Wolfe*, attorneys).

*Samuel R. DeLuca* and *George T. Taite*, for defendant.

## OPINION

HUMPHREYS, A.J.S.C.

This is a partition action.[1] Defendants have agreed to buy plaintiffs' interest. Plaintiffs have improved the real property, and the improvement has enhanced the value of the property. The issue, novel in New Jersey, is whether the seller is entitled to a credit for that enhanced value. The court finds that a credit should be allowed; otherwise, the buyer would be unjustly enriched.

### I.

In an earlier decision in this action the court fixed the value of the property and referred certain issues to a Master. Hearings were conducted by the Master. Thereafter he found that both the plaintiffs and defendants had improved the real property; but that the plaintiffs' improvements had increased the value of the real property by $7,500 more than the defendants' improvements.

Defendants do not object to the factual findings of the Master. However, defendants contend that when both parties in a partition action occupy the premises, any increases in overall value resulting from improvements by those parties

---

[1]This is an amplification of an earlier written opinion.

should not be considered. Plaintiffs do not object to the Master's findings.

Defendants argue that "the effect of the decision of the standing master was to have the defendants pay for the improvements made over 20 years ago to plaintiffs' apartment, which improvements were solely used and enjoyed by plaintiffs."

Defendants' reasoning is erroneous. The Master did not allow a credit for the cost or value of the improvements the parties had made to their apartments. Rather, the Master calculated the overall increase in the value of the real property resulting from those improvements and credited the parties accordingly. That overall increase inures to the benefit of the defendants, since they are purchasing the property. If no credit were allowed, the defendants would receive a windfall.

Defendants argue that New Jersey authority for permitting such a credit does not exist. However, decisions from other jurisdictions support the Master's conclusion. In *Capogreco v. Capogreco*, 61 *Ill.App.*3d 512, 18 *Ill.Dec.* 815, 378 *N.E.*2d 279 (Ill.App.Ct.1978), the court in a partition action stated:

.... Where a co-owner responsible for permanent, valuable improvements to property cannot be allotted the improved portion of the property upon partition, the proceeds of the sale should be apportioned so that he gets, in addition to his pro rata interest, an amount equal to the increase in the value of the property caused by the improvements.... The rationale for imposing an equitable lien upon the shares of the other owners is to avoid their being unjustly enriched by improvements to which they did not contribute.... The case law makes clear that the proper measure of the extent of the equitable lien is not the cost of the improvements (which might inflict an injury upon a co-owner by making him pay for something valueless that he did not desire), but the enhanced value of the real estate. The increase in value must, of course, be proved by proper evidence. [*Id.* at 817, 378 *N.E.*2d at 281; citations omitted.]

*See*, to the same effect, *Chance v. Kitchell*, 99 *N.M.* 443, 659 *P.*2d 895 (1983); *Dodds v. Dodds*, 246 *Ark.* 313, 438 *S.W.*2d 54 (1969); 59A *Am.Jur.*2d, Partition, § 244; *Re Marriage of Berger*, 140 *Ariz.* 156, 680 *P.*2d 1217 (App.1983); *Martinez v. Martinez*, 638 *P.*2d 834 (Colo.App.1981); *see also Baird v. Moore*, 50 *N.J.Super.* 156 (App.Div.1958); *Lohmann v. Loh-*

*mann*, 50 *N.J.Super.* 37 (App.Div.1958); *Small v. Tucker*, 61 *N.J.Super.* 553 (Ch.Div.1960); *Ross v. Ross*, 35 *N.J.Super.* 242 (App.Div.1955); *Finley v. Keene*, 136 *N.J.Eq.* 347 (Ch.1945); *Mastbaum v. Mastbaum*, 126 *N.J.Eq.* 366 (Ch.1939).

New Jersey courts have recognized that partition is an equitable action and should therefore be governed by equitable principles. *Newman v. Chase*, 70 *N.J.* 254 (1976). Equity should not permit unjust enrichment. An equitable lien will, therefore, be imposed in favor of the plaintiffs. *Capogreco v. Capogreco, supra.*

The Master's comprehensive and well written report is correct in all respects and is confirmed. His bill for services is approved. Counsel for plaintiffs will submit a form of final judgment.