JOHN KOVACS AND FIFI KOVACS AND GEORGE KANNENGISSER, APPELLANTS, *v.* RAFAEL AND YOLANDA ACOSTA, RESPONDENTS.

No. 20114

February 20, 1990 787 P.2d 368

[Rehearing denied April 17, 1990]

*Clark & Sacco,* Las Vegas, for Appellants.

*Richard McKnight,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

John Kovacs, Fifi Kovacs and George Kannengisser (appellants) owned a parcel of land together with Rafael and Yolanda Acosta (Acostas). The appellants filed an action to partition the land but later sold their land without informing the Acostas or dismissing the partition action. The Acostas filed counterclaims against the appellants for abuse of process and attorney's fees and costs which arose from the partition. The court awarded the Acostas attorney's fees, expenses incurred in the partition action, and court costs. We reverse the district court's holding.

### FACTS

Appellants owned a 30-acre parcel of land together with Frank and Ann Flynn (Flynns). The appellants owned two-thirds of the land; the Flynns owned one-third. The Flynns sold their one-third interest in the land to the Acostas in October of 1985.

The appellants and the Acostas did not get along. In September of 1986, the appellants filed an action to partition the 30-acre parcel. The Acostas answered the petition asserting that the land should not be partitioned.

In September of 1987, the appellants accepted a written offer from HALCO to buy their interest in the land for $18,500 per acre. The appellants then attempted to buy the Acostas' interest in the property for $13,000 per acre and did not inform them of their contract with HALCO until shortly after escrow closed in December of 1987. The appellants also failed to dismiss their partition action.

In February of 1988, the Acostas filed a counterclaim against the appellants alleging abuse of process for filing the partition action and not proceeding with it. In November of 1988, the Acostas counterclaimed against the appellants asking for costs which arose from the partition action, and attorney's fees.

The court held that the appellants had a duty to dismiss their

partition action after they sold their interest in the land to HALCO. The court further held that pursuant to Chapter 39 of the Nevada Revised Statutes the money spent by the Acostas on the partition action was for the common good. Therefore, the court awarded the Acostas $16,971 in attorney's fees for defending the original partition action, $800 in appraisal expenses, $450 for engineer's fees, and $4,100 in attorney's fees for the trial.

## LEGAL DISCUSSION

The first issue presented is whether the appellants are liable for abuse of process for filing the partition suit and failing to dismiss it. We have reviewed the record on appeal and conclude that it is unclear as to whether the court found the appellants liable for abuse of process.

However, we hold that even if the court found the appellants liable for abuse of process, it erred in doing so. The two elements required to establish the tort of abuse of process are: (1) an ulterior purpose by the defendants other than resolving a legal dispute, and (2) a willful act in the use of the legal process not proper in the regular conduct of the proceeding. *See* Bull v. McCluskey, 96 Nev. 706, 615 P.2d 957 (1980); Nevada Credit Rating Bureau v. Williams, 88 Nev. 601, 503 P.2d 9 (1972). First, the appellants had no ulterior purpose in filing the partition suit. The suit was filed simply because they could not get along with the Acostas and therefore did not want to be tenants in common with them. Secondly, the appellants' failure to dismiss the partition suit after they sold the property involved in the partition action does not constitute willful misuse of legal process pursuant to *Bull* and *Nevada Credit Rating Bureau*.

The second issue presented is whether the appellants are liable to the Acostas pursuant to Chapter 39 of the NRS. The only statute that is relevant to this case is NRS 39.480, which states:

> Cost of partition is lien upon several shares. The costs of partition, fees of the master and other disbursements and also, in the discretion of the court, reasonable counsel fees expended by the parties for the common benefit, must be paid by the parties respectively entitled to share in the lands divided, in proportion to their respective interests therein, and may be included and specified in the judgment. If costs and fees are included in the judgment, there is a lien on the several shares, and the judgment may be enforced by execution against the shares and against other property held by the respective parties. When litigation arises between some of

the parties only, the court may require the expenses of the litigation to be paid by the parties to the litigation or any of them.

The major case interpreting NRS 39.480 is Rasmussen v. Thomas, 98 Nev. 216, 664 P.2d 1030 (1982), which held that where partners stipulated to a partition it was not an abuse of the court's discretion to award the plaintiff partial attorney's fees since the partition was done for the common good.

We hold that the court erred in awarding costs and attorney's fees to the Acostas pursuant to NRS 39.480. At the time this case came to trial both the appellants and the Ascostas had already sold their interest in the 30-acre parcel to HALCO. The court did not order a partition. Since no land was partitioned the court could not award attorney's fees or costs pursuant to NRS 39.480.

Accordingly, we reverse the district court's judgment and order that all parties bear their own costs and attorney's fees.