*1032 OPINION

Per Curiam:

This is an appeal by Dr. Louis C. Emeterio and L. William Leary from an order of the district court affirming the enforceability of foreign judgments and denying their motion for declaratory relief or for a determination that the judgments against them were in rem. The facts of this case have previously been set forth in Clint Hurt & Associates v. Silver State Oil, 111 Nev. 1086, 901 P.2d 703 (1995).
In the summer of 1984, respondent Clint Hurt and Associates, Inc. (“Hurt”), a Texas corporation, entered into a contract with Natchez Drilling Company, Inc. (“Natchez”), a Texas corporation. Pursuant to the contract, Hurt agreed to drill oil and gas wells on certain real property located in Wirt County, West Virginia. The oil and gas leasehold to the property, identified as Florence #2, was held by Silver State Oil & Gas (“Silver State”), a Nevada corporation. In early January 1985, Silver State assigned its “right, title, and interest in and to” the property to Silver State’s investors. Appellants Emeterio and Leary are Nevada residents who made capital contributions as limited partners in Silver State, each purchasing a 2.5% interest in the corporation.
Thereafter, Hurt filed suit in Wirt County, West Virginia against Natchez, Silver State, and various Silver State investors, including Emeterio and Leary, alleging, inter alia, that it did not receive payment for drilling the well. The West Virginia court assumed personal jurisdiction over the non-resident defendants under West Virginia’s long-arm statute, finding that they “own[ed] an interest in West Virginia property and [did] business in” that state. The secretary of state of West Virginia notified the defendants of the pending action by certified mail, return receipt requested. The West Virginia court entered default judgments against several of the defendants, including Emeterio and Leary. Hurt filed the West *1033 Virginia judgments in a Nevada district court pursuant to NRS 17.330, Nevada’s Uniform Recognition of Judgments Act, and notified the defendants. The defendants filed a motion to dismiss the foreign judgments. The district court dismissed the judgments, concluding that West Virginia’s service of process upon non-resident defendants was inadequate to establish jurisdiction.
Hurt appealed, and this court reversed the decision of the lower court, concluding that Hurt had adequately notified the defendants of the action pending against them and that West Virginia’s notice provision did not violate appellants’ due process rights. Clint Hurt & Assocs., 111 Nev. 1086, 901 P.2d 703. The case was remanded for proceedings consistent with the opinion. Id. at 1089, 901 P.2d at 705.
On October 4, 1995, Emeterio and Leary, along with the other defendants, filed a motion for declaratory relief or, in the alternative, a determination- that the lower court’s order of August 2, 1993, sustained in rem jurisdiction of the West Virginia court over the oil well in question and did not sustain personal jurisdiction over the limited partners. The district court denied the motion and entered an order upholding the foreign judgments. Emeterio and Leary appeal.
Emeterio and Leary argue that the district court erred by enforcing personal judgments against them because Hurt’s complaint, filed in West Virginia, asserted a claim for a judgment in rem and failed to put them on notice that “a personal valid judgment could be taken against them if they did nothing.” After reviewing the complaint, we conclude that this contention is without merit.
Emeterio and Leary are named as individual defendants in the complaint’s caption, and count one of the complaint specifically seeks money damages: “As a consequence of all of the above circumstances the defendants both jointly and severally owe Clint Hurt the sum of Forty Nine Thousand Eight Hundred Fifty-Nine Dollars and Seven Cents ($49,859.07) . ...” We conclude that the complaint is clear on its face and sufficient to have put Emeterio and Leary on notice that Hurt was seeking personal judgments against them arising out of the nonpayment for drilling the wells. Thus, the district court did not err by concluding that the underlying suit involved judgments in personam.
Emeterio and Leary argue that, even if Hurt was seeking personal judgments, the West Virginia court’s exercise of in per-sonam jurisdiction was improper.
Hurt contends that our decision in Clint Hurt & Assocs. established that West Virginia’s exercise of personal jurisdiction was *1034 constitutional, and that this conclusion is now the law of the case. When an appellate court states a rule of law necessary to a decision, that rule becomes the law of the case and must be followed throughout subsequent proceedings. Wickliffe v. Sunrise Hosp., 104 Nev. 777, 780, 766 P.2d 1322, 1324 (1988). This court has declined to apply the law of the case doctrine, however, where issues presented in the second appeal are not the same as those presented in the first appeal. See, e.g., Cord v. Cord, 98 Nev. 210, 644 P.2d 1026 (1982); Lanigir v. Arden, 85 Nev. 79, 450 P.2d 148 (1969).
We held in Clint Hurt & Assocs. that “it was constitutional for the West Virginia court to exercise personal jurisdiction.” Id. at 1088, 901 P.2d at 705. This holding was based solely on the conclusion that Hurt had adequately notified the defendants of the case pending against them.[1] Thus, we addressed due process in the context of determining whether West Virginia’s method of service was proper. We did not reach the issue of whether West Virginia’s exercise of jurisdiction satisfied substantive due process concerns. Accordingly, our holding in Clint Hurt & Assocs. is not controlling in the present appeal.
A two-step approach is taken when analyzing jurisdictional questions. We must determine, first, whether the defendant’s actions satisfy the requirements of a state’s long-arm statute, and second, whether the defendant’s contacts with the forum state are such that the exercise of personal jurisdiction would not offend federal due process. Trump v. District Court, 109 Nev. 687, 698, 857 P.2d 740, 747 (1993).
West Virginia’s long-arm statute provides that the state has jurisdiction over a non-resident if the non-resident “[t]ransact[s] any business in [West Virginia]” or “ha[s] an interest in, us[es] or possesses] real property in [West Virginia.]” W. Va. Code § 56-3-33 (1984). Both the West Virginia court and the Nevada district court found that Emeterio and Leary had an interest in West Virginia property by virtue of the lease assignment in which Silver State assigned the lease to the oil and gas wells to its individual investors.
Emeterio and Leary dispute their interest in the Florence #2 property, arguing that they never accepted the assignment. West Virginia law determines whether the West Virginia court properly found that Emeterio and Leary had a property interest in the oil and gas wells. See Clint Hurt & Assocs., 111 Nev. at 1089, 901 P.2d at 705; 28 U.S.C. § 1738 (1966). We decline to address *1035 the validity of the assignment, however, because we conclude that, even if Emeterio and Leary satisfied the requirements of West Virginia’s long-arm statute, they do not have sufficient minimum contacts with West Virginia to warrant the exercise of jurisdiction.
In order for a state to subject a non-resident defendant to a judgment in personam, the defendant must have “certain minimum contacts with the forum state such that the maintenance of the suit does not offend ‘traditional notions of fair play and substantial justice.’” Int’l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)). The Due Process Clause of the United States Constitution “protects an individual’s liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful ‘contacts, ties, or relations.’” Burger King Corp. v. Rudzewicz, 471 U.S. 462, 470-71 (1985) (quoting Int’l Shoe, 326 U.S. at 319). The defendant’s contacts with the forum state must be such that the defendant “should reasonably anticipate being haled into court there.” World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).
In analyzing whether personal jurisdiction satisfies due process, this court has separated the inquiry into two areas: general jurisdiction and specific jurisdiction. Trump, 109 Nev. at 699, 857 P.2d at 748. General jurisdiction applies when a defendant “is held to answer in a forum for causes of action unrelated to the defendant’s forum activities.” Id, Specific jurisdiction occurs “where the cause of action arises from the defendant’s contacts with the forum.” Id. In the instant case, the cause of action against Emeterio and Leary arose from their interest in the Florence #2 property. Therefore, the inquiry focuses on whether the West Virginia court properly exercised specific personal jurisdiction.
A state may exercise specific personal jurisdiction over a nonresident defendant only if:
(1) the defendant purposefully avails himself of the privilege of serving the market in the forum or of enjoying the protection of the laws of the forum, or where the defendant purposefully establishes contacts with the forum state and affirmatively directs conduct toward the forum state, and (2) the cause of action arises from the purposeful contact with the forum or conduct targeting the forum.
Id. at 699-700, 857 P.2d at 748; see Budget Rent-A-Car v. District Court, 108 Nev. 483, 487, 835 P.2d 17, 20 (1992); see also World-Wide Volkswagen, 444 U.S. at 291, 297. “It is the quality of these contacts, . . . and not the quantity, that confers personal *1036 jurisdiction over a defendant.’’ Brainerd v. Governors of the Univ. of Alberta, 873 F.2d 1257, 1259 (9th Cir. 1989).
Hurt argues that Emeterio and Leary’s leasehold interest in the oil and gas wells is sufficient to satisfy the minimum contacts requirement. Jurisdictional assertions based on ownership of property within the forum must meet the traditional minimum contacts test. See Shaffer v. Heitner, 433 U.S. 186, 213 (1977). Where the property gives rise to and is the subject matter of the litigation, a finding of personal jurisdiction generally would not offend due process. Id. at 207. We conclude, however, that under the circumstances of this case, the ownership of an interest in property is insufficient to justify the exercise of personal jurisdiction.
Emeterio and Leary are Nevada residents who purchased interests in Silver State, a Nevada corporation. They never traveled to West Virginia in connection with their investments and did not actively engage in the oil business or otherwise conduct business in West Virginia. They were passive investors “holding an interest in the partnership corporation analogous to the purchase of stock in a corporation.” Renda v. Peoples Federal Sav. and Loan, 538 So. 2d 860, 863 (Fla. Ct. App. 1988). As limited partners, they had little control over the affairs of Silver State and were unaware of having any interest in West Virginia property. We cannot conclude that Emeterio and Leary purposefully availed themselves of the benefits and privileges of owning a real property interest in West Virginia or that they affirmatively directed activities toward that state. Nor can we conclude that Emeterio and Leary could reasonably have anticipated that their minor investment in a Nevada corporation would render them liable to a suit in West Virginia.[2] Emeterio and Leary may not be haled into court either on the basis of their attenuated relationship with Hurt or because of the unilateral act by the president of Silver State in assigning the leasehold to its investors. See Brainerd, 873 F.2d at 1259.
Whether general or specific, the exercise of personal jurisdiction must also be reasonable. Trump, 109 Nev. at 703, 857 P.2d at 750. In determining whether the exercise of personal jurisdiction is reasonable, the United States Supreme Court has set forth five factors to be taken into consideration: (1) “the burden on the defendant” of defending an action in the foreign forum, (2) “the forum state’s interest in adjudicating the dispute,” (3) “the plaintiff’s interest in obtaining convenient and effective relief,” (4) *1037 “the interstate judicial system’s interest in obtaining the most efficient resolution of controversies,” and (5) the “shared interest of the several States in furthering fundamental substantive social policies.” World-Wide Volkswagen, 444 U.S. at 292; Asahi Metal Industry Co. v. Superior Court, 480 U.S. 102, 113 (1987).
We conclude that the exercise of personal jurisdiction is not reasonable. In favor of Hurt’s position is West Virginia’s interest in adjudicating a case involving West Virginia residents and West Virginia property, and Hurt’s interest in obtaining convenient and effective relief. The remaining considerations, however, support holding against jurisdiction. First, although the subject of the dispute (the oil wells) and the plaintiff are located in West Virginia, several of the defendants are Nevada residents or entities. Thus, Nevada also has an interest in adjudicating this dispute. Second, the burden on Emeterio and Leary to defend themselves in West Virginia is great. Although not dispositive, Emeterio and Leary would also be required to travel across the country, they would have to find and hire West Virginia lawyers with whom to entrust their defense. Finally, Nevada and other states have an interest in ensuring that the exercise of personal jurisdiction conforms with notions of fairness. West Virginia’s exercise of personal jurisdiction over Emeterio and Leary simply does not further this interest.
In sum, we conclude that the facts do not establish that the appellants had the minimum contacts necessary to subject them to the jurisdiction of the West Virginia courts, nor does the exercise of jurisdiction appear reasonable. Accordingly, the district court’s order upholding the foreign judgments against Emeterio and Leary is reversed.

 Our discussion in Clint Hurt & Associates v. Silver State Oil, 111 Nev. 1086, 901 P.2d 703 (1995), regarding the applicability of the West Virginia long-arm statute, was not essential to the decision and did not resolve the question of general and specific in personam jurisdiction.

 indeed, we note that Emeterio and Leary are likely protected from liability even in their home state of Nevada because (1) they are not participating in the control of the business, and (2) Hurt is aware that Emeterio and Hurt are limited, as opposed to general, partners. See NRS 88.430(1)