
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TRACY O'REILLY KOHLRAUTZ, | No. 08-15898 |
| Plaintiff-counter-defendant - Appellee, | D.C. No. 2:00-CV-00042-RLH-PAL |
| v. | |
| CHRISTOPHER J. WEBER, | MEMORANDUM[*] |
| Third-party-defendant - Appellee, | |
| v. | |
| OILMEN PARTICIPATION CORPORATION, | |
| Defendant-third-party-plaintiff-cross- claimant - Appellant. | |

| | |
|---|---|
| TRACY O'REILLY KOHLRAUTZ, | No. 08-17129 |
| Plaintiff-counter-defendant - Appellant, | D.C. No. 2:00-00042-RLH-PAL |
| v. | |

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

CHRISTOPHER J. WEBER,

        Third-party-defendant -
Appellant,

OILMEN PARTICIPATION
CORPORATION,

        Defendant-third-party-
plaintiff-cross- claimant - Appellee.

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, Chief District Judge, Presiding

Argued and Submitted December 8, 2009
San Francisco, California

Before: SCHROEDER, LUCERO and CALLAHAN, Circuit Judges[**]

      This is an appeal and cross appeal from a final judgment entered in favor of

Oilmen Participation Corporation ("Oilmen").  The district court held that:

(1) Tracy O'Reilly Kohlrautz's ("Tracy") and Christopher J. Weber's ("Weber")

actions in filing a lis pendens, temporary restraining order ("TRO") and complaint

against Oilmen regarding its real property in Nevada constituted an abuse of

process and slander of title; and (2) Weber was not entitled to immunity as his

---

[**]     The Honorable Carlos F. Lucero, Circuit Judge for the Tenth Circuit, sitting by designation.

actions exceeded his authority as receiver.[1] The district court, however, limited

Oilmen's attorney's fees to those accrued up to the date of the court's 2003

dismissal of Tracy's complaint and denied Oilmen punitive damages and injunctive

relief. The parties appeal these rulings.[2] We affirm.

We review the district court's findings of fact for clear error and its

conclusions of law are reviewed de novo. *Mathews v. Chevron Corp.*, 362 F.3d

1172, 1180 (9th Cir. 2004). Attorney's fees and punitive damages awards are

reviewed for an abuse of discretion. *Bower v. Harrah's Laughlin, Inc.*, 215 P.3d

709, 726 (Nev. 2009); *Bongiovi v. Sullivan*, 138 P.3d 433, 450-51 (Nev. 2006).

Abuse of process requires "(1) an ulterior purpose by the defendants other than

resolving a legal dispute, and (2) a willful act in the use of the legal process not

proper in the regular conduct of the proceeding." *Kovacs v. Acosta*, 787 P.2d 368,

---

[1] The parties are familiar with the facts of this case and we repeat them here only as necessary.

[2] Tracy and Weber also challenge the district court's decision to extend comity to a Bahamanian court's divorce judgment. The district court looked to the Bahamanian court's decision for guidance as Tracy, her former husband, Franz Kohlrautz and Oilmen (among others) all participated in the action. The only aspect of the Bahamanian court's judgment that the district court recognized was the Bahamanian court's finding that, in essence, Oilmen and its Nevada real property were not part of the marital estate. Tracy and Weber have not shown that the court abused its discretion in this finding. *Sarei v. Rio Tinto*, 487 F.3d 1193, 1211 n.20 (9th Cir. 2007).

369 (Nev. 1990). "The requisites to an action for slander of title are that the words spoken be false, that they be maliciously spoken and that the plaintiff sustain some special damage as a direct and natural result of their having been spoken." *Rowland v. Lepire*, 662 P.2d 1332, 1335 (Nev. 1983).

Here, the district court did not err where it found that Tracy and Weber committed abuse of process and slander of title by filing the lis pendens, TRO and complaint on Oilmen's Nevada properties. Under Nevada law, filing a lis pendens is proper only if "the action involve[s] some legal interest in the challenged real property" and a lis pendens should not be used "to obtain a type of pre-judgment attachment which can later be used in the eventual collection of a judgment." *See In re Bradshaw*, 315 B.R. 875, 888 (Bankr. D. Nev. 2004). The district court found that Tracy and Weber drafted these filings claiming that Oilmen and the real property were subject to the Texas judgment, even though they knew that there was no judgment against Oilmen and that Tracy and Weber's motive was to force a settlement. Tracy and Weber have failed to demonstrate that the district court's findings were not supported by substantial evidence or that the court improperly interpreted the applicable law.

The district court also found that, as receiver for the marital estate, Weber falsely claimed that Oilmen was the subject of the Texas judgment when he and

4

Tracy filed the lis pendens, TRO and complaint against Oilmen and that their purpose was to force settlement. The court found this was part of a pattern of groundless and vexatious litigation initiated by Weber and Tracy. On appeal, Weber has not shown that the district court erred in finding that these actions exceeded Weber's authority as receiver. *See Anes v. Crown Partnership, Inc.*, 932 P.2d 1067, 1071 (Nev. 1997).

Oilmen challenges the district court's damages award. Attorney's fees are provided for by Nevada Revised Statute 18.010, which provides, in relevant part, that "the court **may** make an allowance of attorney's fees to a prevailing party." (emphasis added). We find that the district court did not abuse its discretion when it limited Oilmen's attorney's fees to those accrued up to the date of the court's 2003 dismissal of Tracy's complaint. *Bower*, 215 P.3d at 726.

Further, we find the district court did not abuse its discretion when it denied Oilmen an punitive damages and injunction. Although the court found that Tracy and Weber's belief that Franz had hidden assets in Oilmen was not a legally sufficient defense to Oilmen's claims for abuse of process and slander, the court could reasonably conclude that the belief was sincere (or at least not sufficiently malicious), and therefore deny punitive damages. *Bongiovi*, 138 P.3d at 450-51.

5

Oilmen also failed to make a showing of any compelling need for injunctive relief.

*University Sys. v. Nevadans for Sound Gov't*, 100 P.3d 179, 187 (Nev. 2004).

**AFFIRMED.**