Hillsborough
No. 82-436

TZANNETOS TAVOULARIS

v.

MARK WOMER

June 15, 1983

*Craig, Wenners, Craig & McDowell*, of Manchester (*Thomas E. Craig* on the brief and orally), for the plaintiff.

*Wiggin & Nourie*, of Manchester (*Karen L. Heller* on the brief and orally), for the defendant.

KING, C.J. This is an interlocutory appeal from a Superior Court (*Wyman*, J.) order holding that New Hampshire courts could exercise personal jurisdiction over the defendant, a nonresident, in this civil action to recover for injuries sustained in an automobile accident in New Hampshire.

On April 10, 1978, the defendant, Mark Womer, and one Brian Perry were members of the United States Navy and were stationed in Newport, Rhode Island. Perry asked the defendant to lend him his automobile so that Perry could visit his family in New Hampshire, and the defendant agreed. At the time, the automobile was registered in the name of the defendant's father. Later that day while operating the borrowed automobile, Perry was involved in an automobile accident in Manchester, New Hampshire. As a result of the accident, the plaintiff, Tzannetos Tavoularis, was injured.

The plaintiff brought this action against the defendant in the New Hampshire superior court, alleging that the defendant acted negligently in lending the automobile to Perry because the defendant knew or should have known that Perry did not have a valid driver's license. The defendant filed a motion to dismiss the action on the ground that New Hampshire courts lacked jurisdiction over him because he had no "minimum contacts" with the State to establish jurisdiction. In support of his motion to dismiss, the defendant submitted an affidavit stating that he lived and worked in Georgia, that he neither owned property nor possessed investments in New Hampshire, that he had no relatives in New Hampshire, and that he had never conducted any type of business in the State. The superior court denied the motion to dismiss, finding that the defendant "authorized the use of the highways of New Hampshire" by Perry, in the course of which use the plaintiff was injured, allegedly due to

Perry's negligence. The court held that this constituted sufficient minimum contacts to invoke the long-arm statute. *See* RSA 510:4 (Supp. 1979). The defendant then brought this interlocutory appeal. We affirm.

On appeal, the defendant raises two arguments. He argues that the New Hampshire long-arm statute, RSA 510:4 (Supp. 1979), does not empower New Hampshire courts to exercise jurisdiction in this case. Additionally he argues that even if the statute authorized jurisdiction, the exercise of jurisdiction in this instance violates federal due process.

The long-arm statute provides that any person who "in person or through an agent . . . commits a tortious act within this state . . . submits himself . . . to the jurisdiction of the courts of this state as to any cause of action arising from or growing out of the [tortious] act[]. . . ." RSA 510:4, I (Supp. 1979). The defendant argues that this statute does not grant New Hampshire courts jurisdiction over him because his allegedly "tortious act" was lending Perry the automobile, an act which occurred in Rhode Island. He contends that the fact that the *injury* complained of occurred within this State is not sufficient for the application of the statute.

A number of courts in States with similar statutory language have held that the use of the term "tortious act" or "tortious conduct" in a long-arm statute does not preclude the exercise of jurisdiction over a nonresident when only the alleged injury occurred within the forum. *See Vandermee v. Dist. Ct.*, 164 Colo. 117, 121–23, 433 P.2d 335, 337–38 (1967); *Gray v. Amer. Radiator & Sanitary Corp.*, 22 Ill. 2d 432, 435–36, 176 N.E.2d 761, 762–63 (1961). *See also* Annot., 24 A.L.R.3d 532, 565–66 (1969). An essential part of the reasoning of these courts has been that their long-arm statutes must be interpreted expansively in order to effectuate the legislative intent of providing a convenient forum so that resident plaintiffs may recover for their injuries from nonresident defendants. *Vandermee v. Dist. Ct.*, 164 Colo. at 121, 433 P.2d at 337; *Gray v. Amer. Radiator & Sanitary Corp.*, 22 Ill. 2d at 436, 176 N.E.2d at 763.

This court has never expressly addressed the issue of whether the term "tortious act" precludes New Hampshire courts from subjecting a nonresident to their jurisdiction when only the injury complained of occurred within the State. We have held, however, that the exercise of jurisdiction was proper when many, if not all, of the defendants' acts occurred outside New Hampshire. In *Hall v. Koch*, 119 N.H. 639, 406 A.2d 962 (1979), a New Hampshire law firm brought an action in this State against an Ohio law firm for intentional interference with a contractual relationship. In that case, the

plaintiffs claimed that the defendants, the Ohio firm, interfered with the plaintiffs' contractual relationship with an Ohio resident who was the executor of a New Hampshire decedent's estate.

Noting that the long-arm statute must be construed in the broadest legal sense, we held that the activity of the nonresident defendants in negotiating to represent the executor of the New Hampshire decedent's estate, and the defendants' subsequent employment of a New Hampshire law firm as in-State counsel, brought them within the scope of the long-arm statute. *Id.* at 644, 406 A.2d at 965. In *Hall*, the negotiations between the Ohio defendants and the Ohio resident/executor presumably occurred in Ohio; and the employment of the New Hampshire law firm may also have occurred outside New Hampshire. Nevertheless, this court found that the conduct of the defendants fell within the ambit of the statute.

Because the long-arm statute must be construed in its broadest legal sense to give effect to the legislative intent, and in light of our decision in *Hall*, we hold that the fact that only the alleged injury occurred within the State does not preclude New Hampshire courts from subjecting a nonresident to their jurisdiction under the long-arm statute.

Having determined that the defendant's conduct falls within the purview of RSA 510:4, I (Supp. 1979), we must now determine whether the exercise of jurisdiction over the defendant comports with constitutional due process. *See Hall v. Koch,* 119 N.H. at 644, 406 A.2d at 965.

In order to subject a defendant to a personal judgment, the defendant must have certain "minimum contacts" with a State such that the maintenance of a suit does not offend "traditional notions of fair play and substantial justice." *Internat. Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) (citation omitted). In *Hanson v. Denckla,* 357 U.S. 235 (1958), the United States Supreme Court stated that the "minimum contacts" requirement is both a protection against inconvenient or distant litigation and a consequence of territorial limitations on the power of the states. *Id.* at 251; *see World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 291–92 (1980).

In determining whether a nonresident defendant has the required "minimum contacts" with a State, we may consider the interests of the forum state and of the plaintiff in proceeding with the action in the plaintiff's choice of forum. Nevertheless, the "essential criterion" in determining whether the exercise of jurisdiction comports with due process is whether the quality and nature of the defendant's activity are such that it is "reasonable" and "fair" to

require him to conduct his defense in this State. *Kulko v. California Superior Court*, 436 U.S. 84, 92 (1978). The Supreme Court has also stated:

> "Like any standard that requires a determination of 'reasonableness,' the 'minimum contacts' test of *International Shoe* is not susceptible of mechanical application; rather, the facts of each case must be weighed to determine whether the requisite 'affiliating circumstances' are present. . . . We recognize that this determination is one in which few answers will be written 'in black and white. The greys are dominant and even among them the shades are innumerable.'"

*Id.* (citations omitted.)

While we acknowledge that the present case is one which falls into the grey area, we believe that the defendant has sufficient "minimum contacts" such that maintenance of the present action does not offend "traditional notions of fair play and substantial justice." *Internat. Shoe Co. v. Washington*, 326 U.S. at 316.

█ The Supreme Court has upheld a State's exercise of personal jurisdiction over a nonresident defendant when the cause of action arose out of an act done or transaction consummated in the forum state. *See, e.g., McGee v. International Life Ins. Co.*, 355 U.S. 220, 223 (1957). Since *McGee*, many courts have upheld the exercise of jurisdiction over a nonresident defendant when the cause of action arose from a tort, even though only the injury occurred within the forum state, when the defendant engaged in an activity outside the State that had reasonably foreseeable consequences within the forum State. *See, e.g., Brown v. Flowers Industries, Inc.*, 688 F.2d 328, 333 (5th Cir. 1982), *cert. denied*, 103 S. Ct. 1275 (1983); *Prejean v. Sonatrach, Inc.*, 652 F.2d 1260, 1268 (5th Cir. Unit A 1981); *Techno Corp. v. Dahl Associates, Inc.*, 535 F. Supp. 303, 308–09 (W.D. Pa. 1982); *see also Pfeiffer v. Intern. Acad. of Biomagnetic Medicine*, 521 F. Supp. 1331, 1336 (W.D. Mo. 1981).

█ It is insufficient for purposes of due process, however, if the fact that the injury occurred in the forum state was "fortuitous." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. at 295. In *World-Wide Volkswagen*, the Supreme Court held that an Oklahoma court could not exercise *in personam* jurisdiction over a nonresident automobile retailer and its wholesale distributor in a products liability action when the defendants' only connection with Oklahoma was the fact that the automobile, which was sold to New York resi-

dents in New York, was involved in an accident in Oklahoma. *Id.* The Court rejected the argument that the defendants had sufficient "minimum contacts" merely because it was foreseeable that an automobile might travel to Oklahoma. The Court indicated that the foreseeability that was critical to constitutional due process was that a defendant's conduct and connection with the forum state were such that he reasonably should anticipate being haled into court there. *Id.* at 297.

We believe that the defendant's conduct and connection with New Hampshire in this case were such that he reasonably should have anticipated being brought into court here. Taking the plaintiff's pleadings and all reasonable inferences therefrom as true, *see Kibby v. Anthony Industries, Inc.*, 123 N.H. 272, 274, 459 A.2d 292, 293 (1983), it was reasonably foreseeable that the defendant would be sued in New Hampshire for negligently entrusting an automobile to Perry. The fact that the injury occurred in New Hampshire was not "fortuitous," because he specifically authorized Perry to drive in New Hampshire. For these reasons, we hold that the defendant had sufficient "minimum contacts" with this State for the constitutional exercise of jurisdiction by our courts.

*Affirmed and remanded.*

BOIS, J., did not sit; the others concurred.