722 So.2d 881 (1998)
Arronn PEZNELL, Appellant,
v.
Karen DOOLAN and Michael Wakefield, Appellees.
No. 97-04720
District Court of Appeal of Florida, Second District.
November 25, 1998.
Deborah M. Schmitt, of Butler, Burnette & Pappas, Tampa, and Michael Shelley, and Kathy Johnson Maus of Butler, Burnette & Pappas, Tallahassee, for Appellant.
Rodric T. Brooker of Winn and Jorgensen, P.A., Tampa, for Appellees.
DAKAN, STEPHEN L., Associate Judge.
Appellant/defendant, Arronn Peznell, challenges the trial court order denying his motion to dismiss the complaint filed against him by appellees/plaintiffs, Karen Doolan and Michael Wakefield, for damages suffered by appellees in an automobile accident that occurred in the State of Florida. Because Peznell's contact with the State of Florida was not sufficient to subject him to the jurisdiction of the court, we reverse.
*882 Peznell, the owner of the vehicle that allegedly struck appellees, is a Texas resident. At the time of the accident, his vehicle was being driven by Joseph Lumpkin, also a Texas resident. Lumpkin is not a party to this appeal as the result of a default judgment entered against him below. Appellees are both Florida residents.
Appellees filed their complaint against Peznell and Lumpkin in Florida. In an attempt to obtain jurisdiction over Peznell and Lumpkin under the provisions of the Florida Long Arm Statute, section 48.171, Florida Statutes (1995), appellees alleged that Lumpkin negligently operated the motor vehicle with Peznell's permission and consent. Peznell appeared specially and moved to dismiss the complaint on the grounds that Florida lacked personal jurisdiction over him. In support of his motion, Peznell filed an affidavit stating that at the time alleged in appellees' complaint, he neither owned nor operated a motor vehicle in Florida and did not allow his vehicle to be operated in Florida.
At the hearing on Peznell's motion to dismiss for lack of jurisdiction, the trial court considered the complaint, Peznell's affidavit, and what appears to be an excerpt from an interview of both Peznell and Lumpkin. Although this "transcript" was not authenticated in any way, it appears from the record that both sides agreed that it could be considered by the trial court in reaching its decision. The court offered the parties an opportunity for an evidentiary hearing on the issue of jurisdiction, but the parties also apparently agreed that the trial court could rule on Peznell's motion to dismiss by considering only the documents and legal arguments presented.
A review of the "transcript" reveals that Lumpkin intended to drive Peznell's vehicle to the home of Lumpkin's father, which is also in Texas, so that he could borrow his father's truck. Lumpkin stated:
Uhm, well I mentioned I was going to Florida, and then he asked me if I was going to take it down to Florida, and I said no. So according to him, he thought I was only going to take it to my dad's.
The statements attributed to Peznell in the "transcript" were that Lumpkin intended to drive Peznell's vehicle to his father's residence and once there, to park and lock it in the garage while visiting. Peznell stated that if he had known Lumpkin had planned to go to Florida, he would not have loaned him the vehicle.
Following legal argument and consideration of the documents presented, the trial court denied Peznell's motion to dismiss the complaint. The court observed, however, that the issue of jurisdiction was a close question and should probably be decided by the appellate court.
The legal principles regarding the application of Florida's Long Arm Statute are set out in Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla.1989). In that case, although jurisdiction was attempted under section 48.193(1)(g), Florida Statutes (1987), the principles adopted by the Florida Supreme Court clearly apply to all Florida statutes which purport to allow jurisdiction over nonresidents. The court adopted the principles announced by the United States Supreme Court in World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980), which required that a nonresident defendant have sufficient minimum contacts with Florida such that the defendant should reasonably anticipate being haled into court there.
The procedural steps set out by our supreme court in Venetian Salami Co. to acquire jurisdiction over nonresidents first require that a plaintiff plead facts sufficient to support jurisdiction over the nonresident. Second, the nonresident must file an affidavit contesting jurisdiction. The burden is then on the plaintiff to prove by affidavit the basis upon which jurisdiction may be obtained. If the affidavits cannot be harmonized, a limited evidentiary hearing should be conducted to determine the issue.
In the instant case, appellees made conclusory allegations sufficient to raise jurisdiction over Peznell. Peznell filed his affidavit with equally conclusory allegations to support his claim of no jurisdiction. The burden then shifted to appellees to file another affidavit asserting the grounds for jurisdiction over Peznell. Instead of filing another *883 affidavit, however, appellees presented a portion of an unauthenticated "transcript." Although the court offered to conduct an evidentiary hearing, the parties declined. Since the trial court was unable to evaluate the credibility of either Lumpkin or Peznell due to their failure to testify, the statements attributed to them in the "transcript" must be considered at face value. We conclude that these statements and the affidavits filed were clearly insufficient to establish personal jurisdiction over Peznell.
The uncontradicted evidence reveals that Peznell did not consent to the operation of his motor vehicle in the State of Florida, nor did he have any knowledge that Lumpkin would drive it here. Therefore, Peznell had no minimum contacts with the State of Florida such that he could reasonably anticipate being sued in a Florida court. From the information available to the trial court, Peznell's contacts with Florida were not only less than minimum, they were nonexistent.
It appears from the record that the trial court was persuaded, at least in part, by appellees' argument that because a motor vehicle is considered by Florida law to be a "dangerous instrumentality," Peznell's act of loaning his vehicle to Lumpkin in Texas, to be driven only in Texas, somehow exposed Peznell to vicarious liability in Florida for any acts committed by Lumpkin while driving the vehicle. We disagree. In World-Wide Volkswagen Corp. v. Woodson, which was relied upon by the Florida Supreme Court in Venetian Salami, the United States Supreme Court held that a state's "dangerous instrumentality" doctrine could never be used to support personal jurisdiction but only to impose substantive principles of tort law, such as strict liability.
Accordingly, the trial court order denying Peznell's motion to dismiss appellees' complaint for lack of personal jurisdiction is reversed. This case is remanded to the trial court for further proceedings.
THREADGILL, A.C.J., and ALTENBERND, J., Concur.