813 So.2d 1046 (2002)
Daniel E. STEVENSON, Appellant,
v.
Amy BROSDAL, Appellee.
No. 4D01-3233.
District Court of Appeal of Florida, Fourth District.
April 17, 2002.
*1047 Maury L. Udell and William G. Liston of Marlow, Connell, Valerius, Abrams, Adler & Newman, Miami, for appellant.
Austin Carr of Austin Carr, P.A., Coral Gables, for appellee.
WARNER, J.
The question presented in this appeal is whether a nonresident who consents to the operation of his motor vehicle in this state has sufficient "minimum contacts" with the state for its courts to have jurisdiction over the nonresident. We hold that consent to the operation of a vehicle in Florida constitutes sufficient contacts to support jurisdiction. We therefore affirm the order of the trial court denying a motion to dismiss for lack of jurisdiction.
While the facts testified to in the depositions are disputed, for purposes of the motion to dismiss for lack of personal jurisdiction, appellant agreed that the court could assume that: appellant, a resident of California, loaned his car to his son; appellant's son took the car to Miami, where he lived with his wife; and the wife was involved in an automobile accident while driving the car in Florida. At the hearing on the motion, the court determined, based upon the complaint and deposition testimony, that appellant consented to the operation of the vehicle by his daughter-in-law. Relying on these "facts," the trial court denied the motion to dismiss for lack of jurisdiction.
The Florida Supreme Court, in Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla.1989), approved a two-step analysis for determining questions of long-arm jurisdiction over nonresident defendants. "First, it must be determined that the complaint alleges sufficient jurisdictional facts to bring the action within the ambit of the statute; and if it does, the next inquiry is whether sufficient `minimum contacts' are demonstrated to satisfy due process requirements." Id. at 502 (quoting Unger v. Publisher Entry Serv., Inc., 513 So.2d 674, 675 (Fla. 5th DCA 1987)). The initial pleading may merely track the statute (section 48.193, Florida Statutes) without pleading supporting facts. See id. If the defendant challenges jurisdiction by filing a motion to dismiss, either for lack of compliance with the statute or based upon insufficient minimum contacts, the defendant must file affidavits in support of that position, which places the burden upon the plaintiff to show by affidavit the basis for jurisdiction. See id. If the affidavits cannot be reconciled to enable the trial court to decide the issue on undisputed facts, then a limited evidentiary hearing is necessary to determine the jurisdiction issue. See id. at 503.
*1048 Appellant relies on World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980), in contending that Florida cannot assert personal jurisdiction over him because he did not purposely establish contacts with Florida. The court in World-Wide Volkswagen explained:
[T]he Due Process Clause "does not contemplate that a state may make binding a judgment in personam against an individual or corporate defendant with which the state has no contacts, ties, or relations." International Shoe Co. v. Washington, 326 U.S. at 319, 66 S.Ct. at 159, [90 L.Ed. 95 (1945)]. Even if the defendant would suffer minimal or no inconvenience from being forced to litigate before the tribunals of another State; even if the forum State has a strong interest in applying its law to the controversy; even if the forum State is the most convenient location for litigation, the Due Process Clause, acting as an instrument of interstate federalism, may sometimes act to divest the State of its power to render a valid judgment. Hanson v. Denckla, supra, 357 U.S., [235] at 251, 254, 78 S.Ct., [1228] at 1238, 1240 [2 L.Ed.2d 1283 (1958)].
Id. at 294, 100 S.Ct. 559. In World-Wide Volkswagen, the plaintiff bought a vehicle from a dealership in New York and attempted to sue the dealership on a defective product theory in Oklahoma, where the car exploded. While the plaintiff attempted to argue that the vehicle's mobility made it foreseeable that it might cause injury in another state, the Court rejected that argument. "`[F]oreseeability' alone has never been a sufficient benchmark for personal jurisdiction under the Due Process Clause." Id. at 295, 100 S.Ct. 559. In a footnote, however, the Court noted that automobiles "did play a crucial role in the expansion of personal jurisdiction through the fiction of implied consent, e.g. Hess v. Pawloski, 274 U.S. 352, [47 S.Ct. 632, 71 L.Ed. 1091]." Id. at 296 n. 11, 100 S.Ct. 559.
Appellant's consent to the operation of his vehicle in Florida takes this case out of the realm of mere foreseeability and into the realm of sufficient minimum contacts. Appellant, the owner of the vehicle, gave it to his son and daughter-in-law and consented to their use of it. He specifically knew that they were living and driving the vehicle in Florida at the time of the accident. It is no stretch to expect that if the vehicle were involved in an accident in Florida, he would be expected to be haled into court in Florida for injuries resulting from the use of his property with his consent. In Florida, as in many other states, the owner is liable for damages caused by the negligent operation of the vehicle with the owner's consent. See Anderson v. S. Cotton Oil Co., 73 Fla. 432, 74 So. 975, 978 (1917); 8 AM.JUR. 2d Automobiles and Highway Traffic § 723 (1997).
In Peznell v. Doolan, 722 So.2d 881 (Fla. 2d DCA 1998), the owner of a vehicle involved in an accident in Florida was a Texas resident, and it was driven by another Texas resident. However, the evidence showed that the owner did not consent to the vehicle being driven to Florida. Because the owner had no contacts with Florida, the court reversed an order denying the owner's motion to dismiss for lack of jurisdiction. See id. at 883. The emphasis on consent in the opinion suggests that if the court had found that the Texas owner had consented to the trip to Florida, the result would have been different.
The few cases we have been cited or have found across the country appear split on the issue. In Stroman v. Brown, 194 N.J.Super. 307, 476 A.2d 874, 876 (1984), the court held that the owner of an automobile *1049 "did not purposely avail himself of conducting activities in Pennsylvania by casually granting his wife permission to drive his automobile there on her personal business." However, in Tavoularis v. Womer, 123 N.H. 423, 462 A.2d 110 (1983), the New Hampshire Supreme Court affirmed an order denying a defendant's motion to dismiss for lack of jurisdiction where the defendant loaned a car knowing it was to be taken to New Hampshire. The court held that this was sufficient minimum contacts to sustain in personam jurisdiction. See id. at 114. Tavoularis was cited with approval for this proposition in Rodenburg v. Fargo-Moorhead Young Men's Christian Ass'n, 632 N.W.2d 407, 415 (N.D.2001), as it was in Hart v. Bates, 897 F.Supp. 710, 714 (E.D.N.Y. 1995).
Appellant also contends that in Kulko v. Superior Court of California, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978), the Supreme Court rejected much more significant contacts than the ones present here as constituting sufficient contacts to warrant the assertion of personal jurisdiction. In that case involving a suit between a California mother and a New York father to modify child custody and increase child support, the "purposeful act" on which the California court grounded jurisdiction over the New York father was his "actively and fully consent[ing]" to his child living with the mother in California. Id. at 94, 98 S.Ct. 1690. However, the Supreme Court disagreed with this factual assertion, finding that the act of the father was more an acquiescence in the interests of family harmony, rather than consent, after his daughter told him that she wanted to live with her mother in California. See id. The opinion is thus distinguishable from the present case which, as we said in the beginning, is based upon consent.
We hold that there are sufficient minimum contacts present to support in personam jurisdiction over a nonresident owner of a motor vehicle operated within this state with the owner's consent where that vehicle is involved in an accident causing injuries in this state.
Affirmed.
KLEIN and SHAHOOD, JJ., concur.