*942 Gibbons, J.,
with whom Cherry and Saitta, JJ., agree,
concurring in part and dissenting in part:
I concur with the majority that this case should be remanded regarding the issues surrounding the interpleader action. However, I disagree with the majority’s conclusion that the district court lacked specific personal jurisdiction over Jane Liles as a defendant in the Dogras’ negligent entrustment action for two reasons. First, Jane acquired minimum contacts with Nevada when she (1) gave a car registered and insured in her name to her daughter, Susan Liles; and (2) allowed Susan to drive it in Nevada, thereby invoking the benefits and protections of Nevada law. Second, Jane impliedly consented to Nevada’s jurisdiction when she filed the motion to consolidate and when her insurance company filed an interpleader action on her behalf. Therefore, I would reverse the district court’s order dismissing the action against her based upon lack of personal jurisdiction because the district court obtained personal jurisdiction over Jane.

Jane established minimum contacts with Nevada when she allowed her daughter to drive her car in Nevada

Specific personal jurisdiction may be exercised over an individual who purposefully avails herself of Nevada’s laws or directs her conduct towards Nevada, “and the cause of action arises from that purposeful contact” with Nevada. Budget Rent-A-Car v. Eighth Judicial Dist. Court, 108 Nev. 483, 835 P.2d 17 (1992); Price & Sons v. Second Judicial Dist. Court, 108 Nev. 387, 390, 831 P.2d 600, 602 (1992).
A. The Dogras made a prima facie showing of personal jurisdiction to the district court
When a defendant challenges personal jurisdiction, the plaintiff may meet his or her burden in one of two ways. Trump v. Eighth Judicial Dist. Court, 109 Nev. 687, 692, 857 P.2d 740, 743 (1993). The first way requires the plaintiffs to make a prima facie showing of personal jurisdiction prior to trial with “competent evidence of essential facts,” and then prove jurisdiction by a preponderance of evidence at trial. Id. (internal quotation marks omitted). The plaintiff must produce some evidence in support of all the facts necessary for a finding of personal jurisdiction, and the district court must accept properly supported proffers of evidence as true. Id. at 692-93, 856 P.2d at 744. When factual disputes arise, “those disputes must be resolved in favor of the plaintiff.” Id. at 693, 856 P.2d at 744 (internal quotation marks omitted).
The second way to show personal jurisdiction is for the trial court to hold a full evidentiary hearing on the personal jurisdiction issue prior to trial. Id. In such a situation, the plaintiff must prove *943 personal jurisdiction by a preponderance of the evidence and does not receive the same presumption of credibility that it would in a prima facie analysis. Id. at 693-94, 856 P.2d at 744-45.
Here, the Dogras used the first method to establish personal jurisdiction. This is evidenced by Jane’s motion to dismiss and the subsequent hearing transcripts. The district court’s order further confirms this. Therefore, the district court should have resolved factual disputes in favor of the Dogras and accepted all properly supported proffers of evidence as true.
B. Jane established minimum contacts with Nevada
Specific jurisdiction exists over a defendant when ‘ ‘the cause of action arises from the defendant’s contacts with Nevada.” Budget Rent-A-Car, 108 Nev. at 486, 835 P.2d at 20. Further, specific jurisdiction exists when the defendant “purposefully avails itself of the privilege of . . . enjoying the protection of the laws of the forum, and the cause of action arises from the purposeful contact with the forum.” Id. at 487, 835 P.2d at 20.
Specific jurisdiction does not exist over a defendant when the unilateral activity of another person creates the contact between the defendant and the forum state. Id. In Budget Rent-A-Car, the rental agreement provided that the renter could not take a rental car out of California without Budget’s written permission. Id. at 485, 835 P.2d at 18. The renter did not obtain permission to take the car outside of California, and got in an accident while driving in Las Vegas. Id. at 487, 835 P.2d at 20. This court determined that Nevada did not have jurisdiction over Budget because Budget did not give permission for the renter to drive the car in Nevada. Id. Thus, the unilateral activity of the renter created the contact with Nevada, which was insufficient to invoke specific jurisdiction over Budget. Id.; see World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 298 (1980) (“the mere unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State”).
A forum state will have jurisdiction over a defendant if the alleged injury occurred there and the defendant authorized the activity that caused the injury. Tavoularis v. Womer, 462 A.2d 110, 112 (N.H. 1983). In Tavoularis, the defendant authorized his friend to drive defendant’s car in New Hampshire to visit family. Id. at 111. The New Hampshire Supreme Court held that New Hampshire had specific jurisdiction over the defendant because (1) “it was reasonably foreseeable that the defendant would be sued in New Hampshire for negligently entrusting [his car] to [his friend],” and (2) it was not “fortuitous” that the injury occurred in New Hampshire because the defendant “specifically authorized [his friend] to drive in New Hampshire.” Id. at 113-14.
*944 However, a defendant can implicitly authorize the activity that causes the injury. Stevenson v. Brosdal, 813 So. 2d 1046, 1048 (Fla. Dist. Ct. App. 2002). In Stevenson, the defendant, who owned the car, gave his son a car to use. Id. The defendant did not specifically authorize the defendant to only use the car in a certain state. Id. The defendant knew that his son was living and driving the car in Florida. Id. The court found that Florida had jurisdiction over the defendant because the owner was aware the car was in Florida and impliedly consented to his son’s use of the car in Florida. Id.
Here, Jane purposefully availed herself of Nevada’s laws and established minimum contacts with Nevada when she purchased a car for Susan and admittedly did not place any restrictions on where Susan could drive it, thereby allowing Susan to drive the car to Nevada. Similar to Tavoularis, Jane authorized Susan to drive to Nevada when she did not place any restrictions on where she could drive the car. Also, like in Stevenson, Jane gave Susan a car and knew that she would likely use it if she was to travel anywhere by car. Thus, Jane implicitly consented to Susan’s use of the car in Nevada. However, there is a crucial factual dispute as to whether Jane knew about her daughter’s trip to Las Vegas. Specifically, Jane did not deny actual knowledge of her daughter’s trip to Las Vegas for her friend’s birthday party that had been planned for five months. Rather, Jane stated that she could not remember. Susan also could not recall if she told her mother about the trip, even though they talked a number of times before Susan left for Las Vegas. Resolving this factual dispute in favor of the Dogras, the inference arises that Jane must have known about the trip and her failure to disallow Susan from driving the car in Nevada on the day of the accident could be seen as specific authorization for her to do so. By giving the car to Susan with authorization to drive it in Nevada, Jane established minimum contacts with Nevada such that it is reasonable to subject her to a negligent entrustment suit here.
Further, it was foreseeable that Susan would drive to Las Vegas and does not constitute a “mere unilateral activity.” Unlike in Budget Rent-A-Car, where Budget restricted where the renter could drive without permission and did not give the renter permission to drive out of state, here, Jane did not place any restrictions on Susan’s use of the car.[1] Further, Jane never told her daughter she needed permission to take the car out of state, and Susan did not act directly against her mother’s instructions. Additionally, when resolving the factual disputes in favor of the Dogras, this further *945 shows that (1) it was foreseeable that Jane could be sued in Nevada, (2) it was not fortuitous that the injury occurred in Nevada because Jane authorized Susan to drive to Nevada, and (3) Susan’s driving the car to Nevada was not a “mere unilateral activity.” See Tavoularis, 462 A.2d at 114.
Additionally, the majority claims that this interpretation “would be unreasonable” and “undermine the . . . predictability [of] the Due Process Clause” because Susan would have been allowed “to drive to Nevada, and to Maine, or Alaska, or Florida.” The majority further argues that “it would, in effect, ‘appoint’ the vehicle Jane’s ‘agent for service of process’ ” and undermine the degree of predictability (citing World-Wide Volkswagen, 444 U.S. at 296). However, it would be reasonable to conclude that Jane authorized Susan to drive to Nevada, and this interpretation would not result in an unpredictable outcome because of the close proximity of Las Vegas to California, the factual inference that Jane likely knew about the trip, and Jane’s failure to prohibit Susan from driving to Nevada.
I would hold that these facts take this case out of the realm of mere foreseeability and provides sufficient facts to establish a prima facie case in favor of exercising personal jurisdiction over Jane. The Dogras would still have to prove specific personal jurisdiction by a preponderance of evidence at trial, with the aid of cross-examination to determine Jane’s actual knowledge.

Jane consented to Nevada’s jurisdiction when she filed a motion to consolidate the four district court cases arising from Susan’s car accident

Personal jurisdiction, like other rights, can be waived. Dow Chem. Co. v. Calderon, 422 F.3d 827, 831 (9th Cir. 2005). In Dow Chemical, the Ninth Circuit recognized that a defendant can give explicit or implied consent to a forum’s jurisdiction over her when “a defendant . . . independently seeks affirmative relief in a separate action before the same court concerning the same transaction or occurrence.” Id. A request for affirmative relief may occur before the suit is filed, at the time the suit is brought, or after the suit starts. Id.
After the district court dismissed her from the case, Jane filed a motion in the Dogras’ action to consolidate all four Nevada district court cases arising from her daughter’s car accident. This motion submitted Jane to personal jurisdiction of Nevada courts because it was a request to the court for affirmative relief and clearly concerned the same transaction or occurrence, the car accident. Therefore, I would reverse and remand this case to the district court for further proceedings on the merits.

 I agree with the majority that Budget Rent-A-Car is “readily distinguishable.” As the majority states, “Jane gave no such express prohibition to Susan in this case.” However, as noted above, Jane impliedly authorized Susan to drive the car out of state, purposefully availing herself of Nevada’s laws.