ABBOTT-INTERFAST CORPORATION, PETITIONER, *v.* EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK, AND THE HONORABLE STEPHEN L. HUFFAKER, DISTRICT JUDGE, RESPONDENTS, AND GASSER CHAIR CO., INC., REAL PARTY IN INTEREST.

No. 22239

December 6, 1991                         821 P.2d 1043

*Edwards, Hunt, Hale & Hansen,* Las Vegas, for Petitioner.

*Rex Bell,* District Attorney, Clark County, for Respondents.

*Vargas & Bartlett,* Las Vegas, for Real Party in Interest.

## OPINION

*Per Curiam:*

This original petition for a writ of prohibition challenges an order of the district court denying a motion to quash service of process. The action below arose when the plaintiff sat in a chair that collapsed in the sports book at Bally's Grand Casino. The chair was made by real party in interest Gasser Chair Company, Inc. Gasser filed a third party complaint against petitioner Abbott-Interfast, Inc., alleging that bolts which it purchased from Abbott were incorporated in the chair and broke, causing it to collapse. Abbott filed in the district court a motion to quash on the basis that it lacks the minimum contacts with Nevada required for personal jurisdiction. *See* International Shoe v. Washington,

326 U.S. 310 (1945). The district court denied the motion, and this petition followed.

A writ of prohibition is the appropriate remedy to challenge the district court's refusal to quash service of process. *See* Judas Priest v. District Court, 104 Nev. 424, 425, 760 P.2d 137, 138 (1988). When a challenge to personal jurisdiction is made, the plaintiff has the burden of introducing competent evidence of essential facts which establish a prima facie showing that personal jurisdiction exists. *See* Davis v. District Court, 97 Nev. 332, 337, 629 P.2d 1209, 1213 (1981).

Abbott is an Illinois corporation with its principal place of business in Illinois. Gasser is an Ohio corporation engaged in the design, manufacture and sale of chairs for hotels, restaurants and casinos. Approximately thirty percent of Gasser's production is sold to gaming clients, a large portion of which are in Nevada. Gasser has presented evidence that Abbott knew the nature of Gasser's business and actively marketed its bolts and fasteners to Gasser, knowing many of them would be incorporated into chairs destined for Nevada customers. Therefore, Abbott has sufficient contacts with Nevada to be required to defend in Nevada claims that bolts made by it failed and caused injury in this state. *See* World-Wide Volkswagen v. Woodson, 444 U.S. 286, 297-98 (1979); Myers v. Johns Manville Sales Corp., 600 F.Supp. 977, 986 (D. Nev. 1984); Judas Priest v. District Court, 104 Nev. 424, 760 P.2d 137 (1988); Metal-Matic v. District Court, 82 Nev. 263, 415 P.2d 617 (1966). Consequently, we conclude that the district court did not err by denying the motion to quash, and we deny this petition.