# IN THE SUPREME COURT OF THE STATE OF NEVADA

MCGUIRE HOLDINGS LTD.,
Appellant,
vs.
BETFRED INTERNATIONAL
HOLDINGS, LTD.,
Respondent.

No. 83638

FILED

OCT 11 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order dismissing a contract action for lack of personal jurisdiction. Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge.[1]

Appellant McGuire Holdings, Ltd., a Bahamian company with its principal place of business in Florida, and respondent Betfred International Holdings, Ltd., a United Kingdom company with its principal place of business in the United Kingdom, entered into a letter of intent (LOI) generally requiring McGuire to help Betfred obtain a contract to provide sportsbook betting services for nonparty Mohegan Gaming. Betfred placed a bid to provide sportsbook services for a Mohegan Gaming casino property in Connecticut, but Mohegan Gaming awarded the contract to a third party. After learning that it did not win the Connecticut bid, Betfred told McGuire that it had ceased its negotiations with Mohegan Gaming. Thereafter, Betfred continued its efforts to expand its business into the United States, establishing several U.S.-based subsidiaries including Betfred Sports USA, LLC (Betfred USA) and Betfred Nevada, LLC (Betfred Nevada). Betfred Nevada later entered into a contract with a subsidiary of

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

22-32020

Mohegan Gaming to run the sportsbook for the Virgin Hotel & Casino in Las Vegas, Nevada. After Betfred denied McGuire's request to enter into a full form agreement providing McGuire a share of Betfred's revenues as stated in the LOI, McGuire sued Betfred in Nevada for breach of that agreement. After a hearing, the district court dismissed the complaint, purportedly with prejudice, finding that it could not exercise personal jurisdiction over Betfred. McGuire appealed this decision.

We review the district court's jurisdictional determination de novo and its factual findings for clear error. *See Fulbright & Jaworski, LLP v. Eighth Judicial Dist. Court*, 131 Nev. 30, 35, 342 P.3d 997, 1001 (2015) (reviewing a district court's determination of personal jurisdiction de novo); *Dogra v. Liles*, 129 Nev. 932, 936, 314 P.3d 952, 955 (2013) (explaining that this court reviews a district court's factual findings regarding personal jurisdiction for clear error). "When a nonresident defendant challenges personal jurisdiction, the plaintiff bears the burden of demonstrating that Nevada's long-arm statute grants jurisdiction over the defendants and that the exercise of that jurisdiction comports with the principles of due process." *Tricarichi v. Coop. Rabobank, U.A.*, 135 Nev. 87, 90, 440 P.3d 645, 649 (2019) (citing *Fulbright*, 131 Nev. at 36, 342 P.3d at 1001 (citing NRS 14.065)).

McGuire first argues that reversal is warranted because the district court did not resolve the parties' factual disputes in its favor when considering Betfred's motion to dismiss. *See id.* at 90-91, 440 P.3d at 649 (providing that, when considering whether the plaintiff has established a basis for the court to exercise personal jurisdiction over a defendant, the district court "must . . . resolve factual disputes in the plaintiff's favor"). We disagree and note that, even construing those facts in McGuire's favor, McGuire still fails to make a prima facie showing that Nevada courts can

SUPREME COURT
OF
NEVADA

2

(O) 1947A

properly exercise jurisdiction over Betfred in this action. *See Trump v. Eighth Judicial Dist. Court*, 109 Nev. 687, 692, 857 P.2d 740, 743 (1993) ("When a challenge to personal jurisdiction is made, the plaintiff has the burden of introducing competent evidence of essential facts which establish a prima facie showing that personal jurisdiction exists." (quoting *Abbott-Interfast Corp. v. Eighth Judicial Dist. Court*, 107 Nev. 871, 873, 821 P.2d 1043, 1044 (1991))).

McGuire argues that it presented prima facie evidence that Betfred had sufficient contacts with the State of Nevada such that requiring Betfred to defend this action in Nevada would not be unreasonable or otherwise "offend traditional notions of fair play and substantial justice." *Arbella Mut. Ins. Co. v. Eighth Judicial Dist. Court*, 122 Nev. 509, 512, 134 P.3d 710, 712 (2006) (internal quotation marks omitted). McGuire claims it presented evidence that Betfred "purposefully availed [itself] of the privilege of acting in Nevada," *Tricarichi*, 135 Nev. at 92-93, 440 P.3d at 651, because Betfred met with McGuire and Mohegan Gaming in Las Vegas to discuss Betfred's bid to operate Mohegan Gaming's Connecticut sportsbook. Although it is undisputed that the parties met on one occasion in Las Vegas, there is neither any evidence that the parties met in Nevada for this express purpose, nor any evidence that Betfred's "acts [at that meeting] were expressly aimed at Nevada." *Id.*; *compare with Firouzabadi v. First Judicial Dist. Court*, 110 Nev. 1348, 1355-56, 885 P.2d 616, 621 (1994) (concluding that sufficient minimum contacts were established when a party attended a trade convention in Nevada because the parties' claims "ar[o]se from [an] agreement[ ] that w[as] negotiated and entered into at th[at] trade show"). Indeed, the parties fully negotiated and executed the LOI which forms the basis of McGuire's claims before coming to Nevada, and the district court's finding that the parties met in Nevada simply

because they "were all in the same place at the same time" is supported by substantial evidence.[2] *See Elizondo v. Hood Mach., Inc.*, 129 Nev. 780, 784, 312 P.3d 479, 482 (2013) (explaining that this court will only overturn a district court's factual findings for clear error "if they are not supported by substantial evidence" (internal quotation marks omitted)).

We also conclude that McGuire failed to show that Betfred's relationships with Betfred USA and Betfred Nevada are anything more than typical parent-subsidiary relationships such that McGuire cannot rely on the agency theory to assert jurisdiction over Betfred. *See Viega GmbH v. Eighth Judicial Dist. Court*, 130 Nev. 368, 378, 328 P.3d 1152, 1158 (2014) ("Corporate entities are presumed separate, and thus, indicia of mere ownership are not alone sufficient to subject a parent company to jurisdiction based on its subsidiary's contacts."). Indeed, while McGuire has demonstrated common management, it has not demonstrated that Betfred exercises such control over its subsidiaries' internal affairs as to have "in effect taken over performance of the subsidiary's day-to-day operations." *Id.* at 378-79, 328 P.3d at 1159 (internal quotation marks omitted). And

---

[2]As the district court found, the parties met while they were all in Las Vegas attending the Global Gaming Expo. Unlike some cases in which a single contact with a forum is sufficient to establish minimum contacts for purposes of personal jurisdiction, *see, e.g., Baker v. Eighth Judicial Dist. Court*, 116 Nev. 527, 533-34, 999 P.2d 1020, 1024 (2000) (concluding that a single-night hotel stay was sufficient to establish specific jurisdiction because the subject injury arose from that hotel stay), there is no evidence that the parties agreed to come to Las Vegas for the sole purpose of Betfred continuing negotiations with Mohegan Gaming, *see Tricarichi*, 135 Nev. at 94, 440 P.3d at 652 (providing that, to establish specific personal jurisdiction, "the claims [must] arise from [the defendant's] activities in connection with Nevada" or otherwise "have a specific and direct relationship . . . to the [defendant's] forum contacts" (internal quotation marks omitted)).

McGuire has not established that Betfred USA or Betfred Nevada are the same entities as Betfred such that it can impute their Nevada contacts to Betfred to establish jurisdiction under an alter ego theory. *See id.* at 376, 328 P.3d at 1157 (discussing the alter ego theory of imputing jurisdictional contacts of a subsidiary to its parent company). Because McGuire failed to produce evidence that Betfred had sufficient minimal contacts with Nevada, we conclude that the district court did not err in finding it lacked personal jurisdiction over Betfred.

Finally, we reject McGuire's alternative argument that this court should reverse because the district court dismissed the complaint "with prejudice." Although the words "with prejudice" typically indicate a dismissal on the merits, NRCP 41(b) provides that a dismissal for lack of jurisdiction does *not* "operate[ ] as an adjudication on the merits," and McGuire cites to no authority which requires reversal on this basis.[3] Based upon the foregoing, we

ORDER the judgment of the district court AFFIRMED.[4]

_____, C.J.
Parraguirre

_____, J.
Herndon

_____, Sr. J.
Gibbons

---

[3]McGuire's remaining arguments do not warrant reversal. We reject McGuire's argument that the district court erroneously found that the LOI's choice-of-law provision was a forum selection clause. Because the district court dismissed McGuire's amended complaint for a lack of personal jurisdiction, not for improper venue, it appears that this was merely a scrivener's error.

[4]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.

 

cc: Hon. Nancy L. Allf, District Judge
Persi J. Mishel, Settlement Judge
Akerman LLP/Las Vegas
Morgan & Morgan, P.A./Orlando
Pisanelli Bice, PLLC
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A