141 Nev., Advance Opinion 33

## IN THE SUPREME COURT OF THE STATE OF NEVADA

M.I.A.W., A MINOR, BY AND
THROUGH HER LEGAL FATHER AND
GUARDIAN, BRIAN WHITLEY,
Appellant,
vs.
GREYHOUND LINES, INC., A
FOREIGN CORPORATION,
Respondent.

No. 87700

**FILED**

JUN 18 2025

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a district court order granting a motion to dismiss a negligence action for lack of personal jurisdiction. Eighth Judicial District Court, Clark County; Jasmin D. Lilly-Spells, Judge.

*Affirmed.*

Ohlson Corne LLP and Brock K. Ohlson, Justin A. Corne, and Caitlin J. Lorelli, Las Vegas; Wisner Baum LLP and William Crawford Appleby and Clay Robbins, III, Los Angeles, California,
for Appellant.

Klinedinst PC and Diana Cline Ebron, Las Vegas, and Teresa M. Beck, San Diego, California,
for Respondent.

_____

BEFORE THE SUPREME COURT, HERNDON, C.J., and BELL and LEE, JJ.

25- 26903

*OPINION*

By the Court, BELL, J.:

In this opinion, we conclude that the effects test for personal jurisdiction from *Calder v. Jones*, 465 U.S. 783, 790 (1984), only applies to intentional tort claims. Because this case involved a negligence claim, the district court erred in dismissing for lack of personal jurisdiction in reliance on *Calder*. We nonetheless affirm the district court because application of the proper test would have also resulted in dismissal.

While pregnant with M.W., Rose was traveling to Las Vegas. During her journey, she boarded a coach bus operated by Greyhound Lines, Inc., in California. Another Greyhound passenger shot multiple people on the bus, including Rose. As a result of Rose's injuries, M.W. was experiencing fetal heart failure, so doctors performed an emergency C-section. Since being delivered prematurely, M.W. has required near constant medical supervision. M.W.'s father filed the underlying negligence action against Greyhound on M.W.'s behalf.

The district court dismissed M.W.'s case for lack of personal jurisdiction over Greyhound, applying *Calder*. Because M.W. did not assert any intentional torts against Greyhound, the district court erred in applying the *Calder* test. Even so, under the proper test, we conclude the district court lacked personal jurisdiction over Greyhound because the claim did not arise from Greyhound's contacts with Nevada. For that reason, we affirm the district court's order dismissing the action.

*FACTS AND PROCEDURAL HSITORY*

When Rose was 24 weeks pregnant with M.W., she purchased tickets to travel by Greyhound bus from Washington State to her home city of Las Vegas. This journey required Rose to change buses a number of times

Supreme Court
OF
Nevada

(O) 1947A

2

along the route. At one point, Rose boarded a bus in Redding, California, heading to Los Angeles. Asaahdi Coleman boarded the same bus as Rose. After boarding, Coleman became disruptive and started to threaten other passengers. Approximately one hour after the bus left Redding, Coleman pulled out a handgun and opened fire, killing one person and injuring several others. Coleman shot Rose multiple times.

Following the shooting, Rose underwent numerous surgeries at the UC Davis Medical Center in California. She was then transferred to University Medical Center in Las Vegas. M.W. was not directly injured from the gunshot wounds suffered by her mother. But Rose, after being transferred to Las Vegas, suffered a preterm premature rupture of her amniotic sac, causing M.W. to experience fetal heart failure. To save M.W., doctors performed an emergency C-section. M.W. has required constant medical monitoring and care since her birth.

Rose was, and still is, a resident of Clark County, Nevada. M.W. was born in Las Vegas and is also a resident of Clark County. Greyhound is a private corporation, organized and existing pursuant to and under the laws of the state of Delaware with its principal place of business in Dallas, Texas.

M.W.'s father, Brian W., brought the underlying action against Greyhound on behalf of M.W., alleging negligence and negligent hiring, training, retaining, supervising, and equipping. Greyhound filed a motion to dismiss the action for lack of personal jurisdiction, which M.W. opposed. Greyhound argued the matter belonged in California because "[e]very meaningful aspect of this case occurred in California." The district court granted Greyhound's motion to dismiss. The district court determined it lacked specific jurisdiction over Greyhound because (1) Greyhound did not

purposefully direct its conduct toward the forum state, (2) the cause of action did not arise out of Greyhound's contacts with the forum state, and (3) the exercise of jurisdiction would be unreasonable and would offend the traditional notions of fair play and substantial justice.

## DISCUSSION

As an initial matter, M.W. asserts the district court erred in applying the test from *Calder* to determine it lacked personal jurisdiction, when the underlying action against Greyhound did not involve an intentional tort. 465 U.S. at 789-90. Greyhound, however, contends the district court correctly applied the *Calder* effects test as opposed to using the purposeful availment test.

### *We review a district court's determination of personal jurisdiction de novo*

This court reviews a district court's determination of personal jurisdiction de novo. *Fulbright & Jaworski LLP v. Eighth Jud. Dist. Ct.*, 131 Nev. 30, 35, 342 P.3d 997, 1001 (2015). While "[t]here are two types of personal jurisdiction: general and specific," the parties agree here the issue is whether the district court had specific personal jurisdiction over Greyhound. *Freeman v. Second Jud. Dist. Ct.*, 116 Nev. 550, 553, 1 P.3d 963, 965 (2000); *Trump v. Eighth Jud. Dist. Ct.*, 109 Nev. 687, 699, 857 P.2d 740, 748 (1993). Specific personal jurisdiction arises from the defendant's contacts with the forum state. *Dogra v. Liles*, 129 Nev. 932, 937, 314 P.3d 952, 955 (2013).

Specific personal jurisdiction may be exercised over a nonresident entity if (1) the entity has "purposefully availed itself of the privilege of acting in the forum state or purposefully directed its conduct towards the forum state; and (2) the cause of action arose from the [entity's] purposeful contact or activities in connection with the forum state, such that it is reasonable to exercise personal jurisdiction." *Tricarichi v. Coöperatieve*

SUPREME COURT
OF
NEVADA

(O) 1947A

4

*Rabobank, U.A.*, 135 Nev. 87, 91. 440 P.3d 645, 650 (2019). The cause of action must be connected to or arise from the defendant's activities within the forum state. *Trump*, 109 Nev. at 700, 857 P.2d at 748-49. Once relevant purposeful contact is established, personal jurisdiction can still be rejected if the exercise of jurisdiction would violate the notions of fair play and substantial justice. *Id.* at 700-01, 857 P.2d at 749.

*Calder* provides a different test for personal jurisdiction focusing on the consequence of intentional torts. In the *Calder* effects test, specific personal jurisdiction is appropriate if "the defendant '(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.'" *Tricarichi*, 135 Nev. at 91, 440 P.3d at 650 (quoting *Picot v. Weston*, 780 F.3d 1206, 1213-14 (9th Cir. 2015)). A "plaintiff's contacts with the defendant and the forum are not the proper focus of jurisdictional analysis; instead, the effects inquiry and the question of minimum contacts focuses on . . . 'the defendant's suit-related conduct,' which 'must create a substantial connection with the forum.'" *Id.* at 92, 440 P.3d at 650 (quoting *Walden v. Fiore*, 571 U.S. 277, 284 (2014)).

*The district court erred when it applied the* Calder *effects test because the claims against Greyhound sounded in negligence*

First, we address whether the *Calder* effects test should have been applied to this personal jurisdiction analysis. Our use of the *Calder* test turns on whether the alleged tortious conduct of the defendant was intentional. Intentional torts require a deliberate act intended to cause harm. *Burgauer*, 138 Nev. at 807, 521 P.3d at 1166. For example, in *Burgauer*, we applied the *Calder* effects test to determine whether the court had specific personal jurisdiction over a nonresident trustee in a trust administration claim, which was characterized as an intentional tort. *Id.*

SUPREME COURT
OF
NEVADA

(O) 1947A

5

Here, while Coleman engaged in an intentional tort, the claims against Greyhound sound entirely in negligence.

The difference between determining jurisdiction for an unintentional tort versus an intentional tort under *Calder* lies in the difference between the terms "purposeful availment" and "purposefully directed." Courts have often used a purposeful availment analysis to consider specific personal jurisdiction. *Id.* "Purposeful availment" analyzes whether the defendant's activities or engagements serving the market within a forum state, or enjoying the benefits of its laws, justify bringing them into court in that state. *Cath. Diocese of Green Bay, Inc. v. John Doe 119*, 131 Nev. 246, 250, 349 P.3d 518, 521 (2015); *Trump*, 109 Nev. at 699-700, 857 P.2d at 748. "Purposefully directed," however, typically involves actions taken outside the forum state but intentionally aimed at the forum state and taken with knowledge the effects will be felt there. *See Burgauer*, 138 Nev. at 806, 521 P.3d at 1165. For those intentional tort cases, the *Calder* effects test applies to determine whether an intentional act is expressly aimed at the forum state. *Id.* at 801-02, 521 P.3d at 1162 ("[T]he effects test applies so long as the underlying claims sound in intentional tort . . . ."). As M.W.'s only claims against Greyhound involve negligence, we conclude the district court erred by applying the *Calder* effects test here.

*Even though the district court applied the incorrect test, the district court correctly determined that it lacked specific jurisdiction over Greyhound*

M.W. asserts that the district court also erred in determining it lacked specific jurisdiction over Greyhound because Greyhound has seventeen stations in Nevada, Greyhound sold a bus ticket to a Nevada resident for a trip that was supposed to conclude in Nevada, and M.W. was injured in Nevada following the direct injury to her mother in California. To assess M.W.'s claim regarding specific jurisdiction for a suit based in




negligence, we must consider (1) whether Greyhound purposefully availed itself of the laws of Nevada, and (2) whether the cause of action arose from Greyhound's forum-based activities. *See Tricarichi*, 135 Nev. at 91, 440 P.3d at 650.

*Greyhound has purposefully availed itself of the laws of Nevada*

For purposes of determining specific jurisdiction, a court looks to see whether a defendant has minimum contacts with the forum state so that the defendant "could reasonably anticipate being haled into court there." *Trump*, 109 Nev. at 699, 857 P.2d at 748. The contacts must not be "random, fortuitous, or attenuated." *Burgauer*, 138 Nev. at 809, 521 P.3d at 1167 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). The quality of the contacts, rather than their quantity, is what confers personal jurisdiction. *Trump*, 109 Nev. at 700, 857 P.2d at 749. "[T]he exercise of jurisdiction must be [fair and] reasonable." *Id.* at 699, 857 P.2d at 748 (quoting *Judas Priest v. Second Jud. Dist. Ct.*, 104 Nev. 424, 426, 760 P.2d 137, 138 (1988)).

Here, Greyhound is a registered corporation within the State of Nevada. Greyhound has established numerous routes to and from its seventeen bus stations within Nevada. Greyhound provides paid transportation services for passengers to and from Nevada. Additionally, Greyhound actively advertises its services in Nevada both in and out of the state.

Greyhound contracted with Rose, a Nevada resident, to provide services that were going to be partially performed in Nevada. In doing so, Greyhound expressly sought to conduct its services with Nevada residents in Nevada, leading to purposeful availment of the forum state's laws. Purposeful availment alone, however, does not establish personal jurisdiction.

*The cause of action against Greyhound does not arise from Greyhound's contacts with Nevada*

We must next consider whether "the cause of action arises from that purposeful contact with the forum or conduct targeting the forum." *Id.* at 700, 857 P.2d at 748. "[T]he claims must have a specific and direct relationship or be intimately related to the forum contacts." *Arbella Mut. Ins. Co. v. Eighth Jud. Dist. Ct.*, 122 Nev. 509, 515-16, 134 P.3d 710, 714 (2006) (internal quotation marks omitted).

Greyhound's contacts with Nevada appear unrelated to the negligence claims asserted. M.W. asserts claims based on the lack of security provided both on the buses and at the stations, as well as the negligent training of its employees. Nothing in the record supports finding that these claims arise out of Greyhound's contacts with Nevada. When Coleman, a California resident, shot Rose, the bus was traveling from one California city to another. To make it to Nevada, Rose needed to board a separate bus. Additionally, the lack of security in California and negligent training of employees working in California does not support the argument that the claims arose out of contacts with Nevada. Despite Greyhound's contacts with Nevada, the underlying cause of action does not relate to those contacts.

After applying the correct test, we conclude the district court lacked personal jurisdiction over Greyhound and affirm the district court's granting of Greyhound's motion to dismiss. *See Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. 592, 599, 245 P.3d 1198, 1202 (2010) ("This court will affirm a district court's order if the district court reached the correct result, even if for the wrong reason."). Because we conclude the court lacked personal jurisdiction, we need not reach additional issues raised by M.W.

## CONCLUSION

The *Calder* effects test can only be used to determine purposeful direction in cases involving an intentional tort. Even so, we conclude the district court in this case lacked specific personal jurisdiction over Greyhound because M.W.'s negligence claims did not arise from Greyhound's contacts with Nevada. Therefore, we affirm the district court's order granting Greyhound's motion to dismiss.

_____, J.
Bell

We concur:

_____, C.J.
Herndon

_____, J.
Lee